Foster, J.
Defendant appeals from a judgment of conviction for the crime of manslaughter, in the first degree, had in the Kings County Court. The judgment of conviction was affirmed by the Appellate Division, Second Department, with one Justice dissenting. Defendant was sentenced to a term of from 10 to 20 years in State prison.
At the time the alleged crime was committed, defendant was 17 years of age. He was a student in the senior class of a *69 parochial high school, and had previously borne a good reputation. The fatal affray took place in a pool room, and the jury could unquestionably find that defendant inflicted a lethal wound upon the body of another youth with a paring knife, which he had taken from his mother’s kitchen and carried in his pocket. Just before the stabbing there had been an argument over the use of a pool table, and the proof rather clearly shows that the victim and his companions harassed the defendant and interfered with his game. The victim also struck defendant in the face with his fist and knocked him to the floor. On the trial defendant claimed he was dazed when he raised himself from the floor, but he admitted taking the paring knife from his pocket and lunging towards the youth who had assaulted him.
On this appeal defendant refers to several alleged prejudicial incidents in the trial that are either not substantial or present no issue of law for this court to consider because no objection concerning them was made at the trial (Code Grim. Pro., § 420-a). The latter is true as to the alleged misconduct of the District Attorney and the charge of the trial court that the paring knife was a dangerous weapon as a matter of law. Excusable homicide was eliminated as an issue, and properly so we think, because neither the testimony of the defendant nor that of any other witness placed the act within the definition of excusable homicide (Penal Law, § 1054). There remains the query of whether the trial court properly charged the jury as to manslaughter, second degree, and if not whether such failure survives as an issue of law by way of an adequate exception taken on the part of the defendant.
In his main charge the trial court correctly defined manslaughter in the first degree, and then had this to say concerning second degree:
‘‘ Manslaughter in the second degree, insofar as it applies to the facts of this case, is defined as follows:
“ Such homicide is manslaughter in the second degree when committed without a design to effect death, in the heat of passion, but not by a dangerous weapon or by the use of means either cruel or unusual.”
He did not submit the so-called omnibus clause of the statute (Penal Law, § 1052, subd. 3) which provides: “ By any act, *70 procurement or culpable negligence of any person, which, according to the provision of this article, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree.”
That the jury were quite seriously considering finding a verdict of manslaughter, -second degree, and were perplexed about the definition thereof, is evidenced by the fact they returned for further instructions relative thereto. The trial court then flatly charged that manslaughter in the second degree could not be committed with a dangerous weapon. Since he had already charged that the paring knife was a dangerous weapon, and had failed to charge the omnibus clause of the statute, he thereby completely precluded the jury from finding the lessor degree.
We think this was erroneous. In a case somewhat analogous this court held that, where a revolver Avas used by a defendant after a fight, the omnibus clause under section 1052 of the Penal Law should have been charged (People v. Heineman, 211 N. Y. 475). Obviously a revolver is a dangerous weapon; nevertheless it was held that the omnibus clause should have been submitted to the jnry, leaving the latter free to convict of the lesser degree if they were so minded. It is urged here that irrespective of the error defendant failed to preserve it as an issue of law because an adequate exception was not taken to the trial court’s charge.
At the conclusion of the main charge defendant’s counsel couched an exception in this language: “I wish also, your Honor, to take exception to the charging of the possibility of finding the defendant guilty in the lower degree.”
We recognize that this exception was ineptly framed but Ave feel constrained under the circumstances of the case to give to it a broad construction. As thus construed we think it indicated that defendant was dissatisfied with the trial court’s charge as to manslaughter, second degree, and Avas sufficient to put the trial court on notice that more was involved than the definition he had given. It was, therefore, adequate to preserve the issue.
The judgment of conviction should be reversed and a neAV trial directed.