Cooke, J.
(dissenting). I dissent and vote to reverse the order of the Appellate Division.
The failure of the arresting officer to adequately inform defendant of his right to the assistance of counsel prior to and during custodial interrogation violated the principles articulated in Miranda v Arizona (384 US 436). Absent a knowing and voluntary waiver of this right, incriminating statements made by defendant after his arrest should have been suppressed.
Thé only issue at the suppression hearing was whether defendant had waived his Miranda rights. Patrolman Zuefle testified that, while on routine patrol, he spotted defendant and another in an area enclosed by an eight-foot fence. The officer ordered them to climb back over the fence and, not being satisfied with the reason advanced for their presence on the private property, placed them under arrest on a charge of criminal trespass. Subsequent to arrest, Zuefle advised defendant: "You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney. If you cannot afford an attorney, one will be provided for you by the state.” When Zuefle asked defendant if he understood, he replied "Yes”. Then, conducting a search incident to the arrest, the officer retrieved a set of keys from defendant’s pocket and, upon inquiry as to what they were for, defendant, pointing to a nearby automobile, answered "They are for my father’s car, this car over here.” A contact with authorities disclosed that the vehicle was wanted on an alarm. At the hearing’s conclusion, the court denied defendant’s motion to suppress his statements and the keys, on the ground that the statements were voluntarily made and that the keys were found pursuant to a lawful search. That same day, defendant, who had been indicted for criminal possession of stolen property in the first degree and unauthorized use of a vehicle, pleaded guilty to the former in satisfaction of the indictment.
The People, although contending that there was substantial compliance with Miranda, concede that Patrolman Zuefle’s admonitions were "incomplete” and that "[t]here was no evidence that appellant was told that he had the right to consult with a lawyer prior to any questioning and to have an attorney present during the interrogation.” These acknowledgments demonstrate that the warnings specifically required by Miranda were not fully given, since defendant was not warned prior to questioning that he had the right to consult with an *1016 attorney prior to the interrogation and to have the attorney present during the interrogation. To avoid doubt, the Supreme Court "iterated and reiterated” the absolute necessity for officers interrogating people "in custody” to give this warning (see Orozco v Texas, 394 US 324, 326). Early in Miranda v Arizona (supra) we were told at page 444: "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed” (emphasis supplied). It was then stated that "the right to have counsel present at the interrogation is indispensable to the protection of the Fifth Amendment privilege” (p 469), and that "the need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires” (p 470). At page 470, it was declared pointedly: "An individual need not make a pre-interrogation request for a lawyer. While such request affirmatively secures his right to have one, his failure to ask for a lawyer does not constitute a waiver. No effective waiver of the right to counsel during interrogation can be recognized unless speciñcally made after the warnings we here delineate have been given” (emphasis supplied). Recapitulating, the Supreme Court then stated at pages 471-472: "Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right” (emphasis supplied).
This court adopted the Miranda warnings in People v Rodney P. (Anonymous) (21 NY2d 1), where it was stated at pages 3-4:
"The Supreme Court held in Miranda that a person who is taken into custody or deprived of his freedom in any significant way must be advised that he is not obligated to answer any questions; that, if he does speak, anything he says may be *1017 used against him in court; that he is entitled to the assistance of counsel prior to and during the questioning, and that, if he desires counsel and is unable to retain one, counsel will be assigned to him.
" That such warnings must be given after a person is formally arrested and physically detained is clear” (emphasis supplied).
Although there is disagreement in certain Federal appellate decisions, some in strong support of the position taken in this dissent (see, e.g., Sanchez v Beto, 467 F2d 513, cert den sub nom. Estelle v Sanchez, 411 US 921; Atwell v United States, 398 F2d 507; Lathers v United States, 396 F2d 524; Montoya v United States, 392 F2d 731), Miranda has not been overruled by any subsequent decision of the Supreme Court nor has the Court of Appeals deviated from its holding in Rodney P.
A heavy burden rests on the People to demonstrate that defendant knowingly and intelligently waived his privilege against self incrimination and his right to retained or appointed counsel prior to and at the time of interrogation (Miranda v Arizona, supra, p 475). Surely, that burden is not met by the People, nor is the burden shifted, merely because defendant testified at the suppression hearing that none of the constitutionally mandated admonitions had been given before interrogation. Indeed, at the hearing defendant took the stand after Zuefle had completed his testimony. Although the Supreme Court did not mandate a ritualistic verbal formula to be employed in every case, none was used here to warn defendant of his absolute right regarding legal representation prior to and at the time of interrogation.
The error arising from the conceded deficiencies in the Miranda warnings was preserved at the conclusion of the suppression hearing by the motion of defendant’s attorney to suppress "on the grounds there was no proper warning, required by the constitution and the doctrine of Miranda v. Arizona” (emphasis supplied). After said attorney argued in support of the motion, the court inquired of the Assistant District Attorney if he wished to be heard. The prosecutor spoke at some length but did not request an opportunity to submit additional proof. No further formalism should have been required of defendant’s attorney in order that the right to review the error be preserved (cf. People v Drislane, 8 NY2d 67, 70).
*1018 Chief Judge Breitel and Judges Jasen, Gabrielli and Jones concur in memorandum; Judge Gabrielli concurs in $t separate opinion in which Judge Jasen concurs; Judge Cooke dissents and votes to reverse in an opinion in which Judges Wachtler and Fuchsberg concur.
Order affirmed.