■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES COTTON, Appellant.—Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: The charges contained in this indictment arise out of an altercation between defendant and two men named Quevado and Torres. The fight occurred under the grandstand at Red Wing Stadium when Quevado attempted to intervene in a dispute between defendant and his girlfriend. During the dispute Quevado struck defendant in the face and staggered him. Defendant pulled out a knife and when Quevado's companion, Torres, tried to disarm or restrain defendant he was cut on the

left side of his neck, his chest and between the little and ring fingers of his left hand. The indictment charged defendant with assault, first degree (Penal Law, § 120.10, subd 1), and possession of a dangerous weapon. The court charged assault, second degree, as a lesser included offense of the assault count but refused defendant's request to charge assault, third degree (Penal Law, § 120.00, subd 3). The People concede that assault, third degree, may be a lesser included offense of assault, first degree, but they contend that the court's charge was proper because the defendant's acts were intentional and not negligent under any reasonable view of the evidence in this case (see *People v Asan*, 22 NY2d 526, 530–531). We reverse. There was evidence which the jury might reasonably believe that all the participants had been drinking; that Quevado, in the company of his friends, had struck defendant in the face and staggered him; that defendant was not moving towards the victim, Torres, or Quevado when Torres ran to him and either grabbed or punched him and that Torres' wounds were not intentionally inflicted during the struggle between Torres and defendant while defendant was holding the knife (see *People v Drislane*, 8 NY2d 67; *People v Asan, supra; People v Usher*, 39 AD2d 459, affd 34 NY2d 600). The court also erred in denying defendant's *Sandoval* motion to preclude cross-examination with respect to a prior assault conviction in 1962. This conviction was for the same crime charged in the indictment and was too remote to be used on cross-examination. The fact that the District Attorney stipulated at the close of the People's case, "after reviewing the case and seeing the evidence", to forego cross-examination on the conviction if defendant then chose to take the witness stand, does not cure the error or render it harmless. We find no basis to suppress defendant's statements to the investigating officers and we find that the knife, later found in the parking lot, was properly received as evidence at the trial. (Appeal from judgment of Monroe County Court— assault, second degree, etc.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.