■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER J. BROWN, Appellant.— Judgment unanimously modified on the law and facts in accordance with memorandum and, as so modified, affirmed. Memorandum: The defendant, wielding a knife, engaged in an altercation with his estranged wife during which she sustained various cuts on her body. Defendant was indicted for the crime of attempt to commit murder in the first degree, contrary to sections 2 and 1044 of the Penal Law. The indictment alleged that

defendant "wilfully, feloniously and of malice aforethought, and with an intent to kill, attempted to kill Ethel Brown by assaulting her with a deadly weapon, to wit, a knife". Defendant was convicted of attempted manslaughter in the first degree, and appeals on the ground there is no such crime. Upon argument of this appeal the Assistant District Attorney stated that he agreed with the defendant's contention. The trial court charged that the jury might find defendant guilty of attempted murder in the first degree or any lesser degree of that crime (Penal Law, § 610). The intent to kill which distinguishes murder from manslaughter was explained. The jury was also instructed it might find the defendant guilty of attempted murder in the second degree, attempted manslaughter in the first degree, attempted manslaughter in the second degree, assault in the first degree and assault in the second degree. The jury must have concluded defendant lacked intent to kill or they would not have reached a verdict of attempted manslaughter. An attempt to commit a crime consists of (1) the intent to commit the crime; (2) the performance of an act toward the commission and (3) failure to consummate. There must be an intent to commit a specific crime in order to constitute an attempt (*People* v. *Moran*, 123 N. Y. 254, 257; 22 C. J. S., Criminal Law, § 75, subd. [1], pp. 228-229; 22 C. J. S., Criminal Law, § 75, subd. [3], p. 233). An attempt to commit manslaughter is apparently a contradiction because the specific crime of manslaughter involves no intent and, accordingly, an intention to commit a crime whose distinguishing element is lack of intent is logically repugnant. We are presented with a situation where one, without intent to kill, willfully and wrongfully assaulted another by the use of a weapon or other instrument likely to produce grievous bodily harm. Subdivision 4 of section 242 of the Penal Law defines such an act as assault in the second degree. It is well established that under the circumstances here presented we have the authority which we now exercise, to modify the judgment by reducing the crime of which defendant is convicted to assault in the second degree (Code Crim. Pro., § 543, subd. 2; *People* v. *Monaco*, 14 N Y 2d 43; *People* v. *Potskowski*, 298 N. Y. 299; *People* v. *Rytel*, 284 N. Y. 242; *People* v. *Kay*, 17 A D 2d 773; *People* v. *May*, 9 A D 2d 508). A sentence is imposed of not less than one year or more than five years. (Appeal from judgment of Monroe County Court convicting defendant of attempted manslaughter, first degree.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.