THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT E. USHER, Appellant.

Fourth Department, October 26, 1972.

*Nicholas P. Varlan* (*Robert S. Beer* of counsel), for appellant.

*Jack B. Lazarus, District Attorney* (*Melvin Bressler* of counsel), for respondent.

DEL VECCHIO, J. Defendant was tried and convicted under an indictment charging manslaughter first degree in that on September 3, 1970 with intent to cause serious physical injury he stabbed one Guy Majors with a knife causing his death. Defendant was sentenced to an indeterminate term with a maximum of 15 years.

The sole issue presented is whether the court erred in refusing to charge the lesser degrees of homicide.

Manslaughter first degree consists of a killing committed " with intent to cause serious physical injury " (Penal Law, § 125.20, subd. 1). A person acts " intentionally " with respect to a result when his conscious objective is to cause such result (Penal Law, § 15.05, subd. 1). " Serious physical injury " is defined as a physical injury which creates a substantial risk of death (Penal Law, § 10.00, subd. 10).

Manslaughter second degree consists of a killing committed "recklessly" (Penal Law, § 125.15, subd. 1). A person acts "recklessly" with respect to a result when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur (Penal Law, § 15.05, subd. 3).

Criminally negligent homicide consists of a killing committed "with criminal negligence" (Penal Law, § 125.10). A person acts with "criminal negligence" with respect to a result when he fails to perceive a substantial and unjustifiable risk that such result will occur (Penal Law, § 15.05, subd. 4).

Before we can determine whether the lesser degrees of homicide should have been charged, it is necessary briefly to summarize some of the evidence.

There was proof that on the day of the homicide defendant and four other persons were playing cards and drinking whiskey. An argument arose between defendant and another person, whereupon Majors, the victim, struck defendant on the head with a baseball bat, knocking him against the house. Defendant then pulled a knife from his pocket, shook his head, and, as Majors was about to strike him again, caught the bat in midswing with his left hand and stabbed the victim once. Defendant thought that he had stabbed Majors in the right shoulder. The alcohol content of the victim's blood indicated extreme intoxication.

The court instructed the jury that the verdict should be guilty or not guilty of manslaughter first degree. Defendant's request to charge the lesser degrees of homicide was denied.

It is well settled that if " upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense " (*People* v. *Asan*, 22 N Y 2d 526, 529–530). Whether " a defendant could properly be found guilty of a lesser degree or an included crime " depends on whether " there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one " (*People* v. *Mussenden*, 308 N. Y. 558, 563). Only where there is no possible view of the facts by which the jury could find a lesser degree is such refusal justified (*People* v. *Malave*, 21 N Y 2d 26; *People* v. *Clemente*, 285 App. Div. 258, affd. 309 N. Y. 890; *People* v. *Richardson*, 36 A D 2d 25).

Applying these principles to the facts in this case, we conclude that there is some basis in the evidence for finding defendant not guilty of manslaughter first degree and yet guilty of manslaughter second degree or criminally negligent homicide.

The vital distinction between first and second degree manslaughter lies in whether defendant causes death with intent to inflict serious physical injury or only recklessly. On the proof before it, this jury could have had a reasonable doubt that defendant intended to cause serious physical injury which created a substantial risk of death and yet have found that his conduct was reckless. '' The question of intent can never be ruled as a question of law, but must always be submitted to the jury '' (*People* v. *Flack,* 125 N. Y. 324, 334). The court properly charged that it was for this jury to determine defendant's intent from all of the evidence in the case. The distinction between manslaughter second degree and criminally negligent homicide lies in whether there is a conscious disregard of the result or only a failure to perceive the risk of death. This jury could have had a reasonable doubt that defendant killed the victim in a reckless manner yet concluded that he failed to perceive a substantial and unjustifiable risk and acted in a criminally negligent manner. The state of mind of defendant, his intent, his recklessness or his negligence was the critical element in determining his responsibility. Defendant was entitled to the most favorable view of the record when considering submission of lesser charges (*People* v. *Battle,* 22 N Y 2d 323).

*People* v. *Wall* (34 A D 2d 215, affd. 29 N Y 2d 863) relied on by the dissenting Justice is clearly distinguishable. In that case the victim was 30 feet away with no weapon in his hands when defendant shot him four times with a rifle. There was no basis on which the jury could have found that defendant failed to perceive the risk inherent in his actions. It was an intentional killing with no possible view of the facts by which the jury could find a lesser degree. This court observed that '' Nowhere in the record is there any evidence that defendant assumed or intended that the shots would not kill Perez '' (p. 220). In the instant case the jury could have found that defendant was defending himself from attacks by an intoxicated person with a baseball bat who had struck him once on the head and was about to strike him again when defendant threw up his left hand to block the bat in midswing and in the same motion struck the victim with a knife once, thinking he was striking his shoulder.

In *Wall* we stated with reference to the facts in that case that criminally negligent homicide is not a lesser included crime under an indictment for manslaughter in the first degree. However, the Court of Appeals, in affirming our dismissal of the indictment, pointed out that the record established that defendant was

guilty of an intentional shooting or no other, and that its decision did not imply that there could never be a situation in which criminally negligent homicide could be charged as a lesser degree of manslaughter.

We conclude that under the evidence in this case the jury could find a lesser degree than manslaughter in the first degree; consequently it was reversible error to refuse to charge the lesser degrees of homicide.

The judgment should be reversed, on the law and facts, and a new trial granted.

MOULE, J. (dissenting). On the afternoon of the homicide, September 3, Robert Usher and Laura Mitchell visited the apartment of Guy Lee Majors and Willie Mae Eperson. Also visiting Majors and Willie Mae Eperson was the latter's daughter, Ella Mae Rose. They played cards for a while and everyone drank some whiskey. It is undisputed that defendant had but one drink. Subsequently, Laura Mitchell, Ella Mae Rose and defendant left the apartment. Willie Mae Eperson and Majors remained behind. It is unquestioned that Majors was intoxicated and the coroner's report showed that there was a high level of alcohol in his blood. Ella Mae Rose swore at the defendant outside the back door of the house, and he threatened to slap her if she continued. She called to Majors for help and he came out of the house with a bat and struck defendant on the head. Defendant stated that he was knocked against the house. He caught the bat in his left hand as Majors attempted to strike him again. He reached into his pocket for a folding knife, opened it as he withdrew it, and stabbed Majors.

On trial the court charged the jury on the elements of first degree manslaughter and on the defense of justification, but properly refused to charge second degree manslaughter or criminal negligence, despite a request from the defense to do so.

Although it is well settled that " if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense " (*People* v. *Asan,* 22 N Y 2d 526, 529–530; *People* v. *Richardson,* 36 A D 2d 25, 29), nevertheless, " submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one " (*People* v. *Mussenden,* 308 N. Y. 558, 563). First degree manslaughter is differentiated from both second degree manslaughter and criminal negligence by the requirement that there be intent to cause

serious injury, second degree manslaughter contemplates death caused through an awareness of and a conscious disregard of the result of a course of action, and criminal negligence contemplates death through a failure to perceive the substantial and unjustifiable risk that a course of action will end in such result.

There was no evidence at the trial to indicate that defendant's act was a reckless one and, on the contrary, it appears that he struck with an intent to cause serious physical injury. Defendant had seized the bat and effectively stopped Majors' attack before he struck with his knife. Furthermore, it is undisputed that Majors was extremely intoxicated and defendant had only one drink.

Defendant's claim of self-defense was apposite to a finding of intent. There is no testimony whatever that can be interpreted as showing possible lack of intent to cause serious injury. Clearly, Usher intended to wound Majors.

"Where due exception is taken a conviction for a lower degree not consistent with the facts proved will be reversed (*Dedieu* v. *People*, 22 N. Y. 178), even though conviction for a higher degree would be consistent with the evidence." (*People* v. *Legacy*, 4 A D 2d 453, 455.) In *People* v. *Wall* (34 A D 2d 215, affd. 29 N Y 2d 863), the trial court charged down on a first degree manslaughter indictment. The jury convicted the defendant of criminal negligence. This court held that because, on no view of the facts could the defendant have been found guilty of criminally negligent homicide, the conviction must be reversed. Further, because the jury by its verdict in effect found the defendant not guilty of manslaughter in the first or second degrees, there was no basis for an indictment, and it was dismissed.

Here, there was no evidence to support second degree manslaughter or criminal negligence charges against the defendant and, therefore, the court properly declined to submit either of them to the jury.

The judgment should be affirmed.

GOLDMAN, P. J., and CARDAMONE, J., concur with DEL VECCHIO, J.; MOULE, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and facts, and new trial granted.