■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER WILLIAMS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 5, 1971, convicting him of attempted assault in the first degree and possession of a dangerous weapon as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered for the crimes of reckless endangerment in the first degree and possession of a dangerous weapon in the first degree as a felony, under the first and second counts of the indictment, respectively. Defendant's automobile was stopped by three plain-clothes detectives in the early hours of the morning on December 13, 1970. Shots were fired and defendant sustained three gunshot wounds in the head. He underwent surgery and survived. On his recovery, defendant was indicted for attempted murder and possession of a dangerous weapon (and for a third crime not presently relevant). The three detectives all testified at the trial that they stopped defendant to check out his automobile license and registration papers. As they approached, defendant fired shots at them and the detectives returned the fire, hitting him. Defendant took the stand and denied he shot at the detectives, denied that he had a revolver in his possession and testified that he was reaching in his glove compartment for his car registration papers, following a request for them by one of the detectives, when he was shot in the head. During the prosecutor's summation, defendant was characterized as a " hired killer ", although the record is completely barren of any evidence to support such characterization. When defense counsel objected, the prosecutor asserted, " That is a fact." A defense motion for a mistrial was denied and the Trial Justice ruled that it was up to the jury to determine what inference they would draw. This, in our opinion, was error. We feel that the prosecutor, as a result of the afore-mentioned remarks, improperly supported his case by " his own varacity and official position " (*People* v. *Jackson,* 7 N Y 2d 142, 144; *People* v. *Lovello,* 1 N Y 2d 436). In view of defendant's

vig'orous assertion at the trial that he did not have a weapon in his possession at the time his car was stopped, we cannot say that the prosecutor's remarks were harmless (see *Chapman* v. *California,* 386 U. S. 18; *People* v. *Jackson, supra*). Furthermore, the Trial Justice, by his ruling, permitted the jury to draw the inferences that defendant was a "hired killer", who, according to the unsupported statements by the prosecutor in summation, had decided, as a favor to Miss Mapp, to kill two of the detectives who had stopped defendant's car, because they had been harassing Miss Mapp. In the absence of any basis in the record from which such inferences could be drawn, the trial court's ruling was tantamount to permitting the jury to engage in sheer speculation, all to defendant's prejudice. In addition to the foregoing, the trial court erred with respect to its charge on the first count of the indictment. It charged attempted murder and the lesser included crimes of attempted manslaughter in the first degree, attempted assault in the first degree under section 120.10 (subd. 3) of the Penal Law (reckless conduct) and attempted assault in the second degree. The jury returned a verdict of guilty of attempted assault in the first degree (reckless conduct) on the first count of the indictment. There is, however, no such crime. Under section 110.00 of the Penal Law, a person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime. Thus, there must be an intent to commit a specific crime in order to constitute an attempt (*People* v. *Foster,* 19 N Y 2d 150, 152; *People* v. *Brown,* 21 A D 2d 738; *People* v. *Falu,* 37 A D 2d 1025). Assault in the first degree under section 120.10 (subd. 3) of the Penal Law involves no intent; only a culpable mental state of recklessness. Accordingly, one cannot legally be found guilty of attempted assault in the first degree by reckless conduct (see *People* v. *Foster, supra*; *People* v. *Falu, supra*). Under the circumstances, the Trial Justice should have charged the crime of reckless endangerment in the first degree (Penal Law, § 120.25). The charge of attempted manslaughter was likewise erroneous, but, in the absence of an affirmative jury finding of guilt of that crime, there was no prejudice to defendant by reason of that instruction. Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes (1) to modify the judgment by changing the conviction of attempted assault in the first degree to one of reckless endangerment and (2) to affirm the judgment as so modified, with the following memorandum: On overwhelming proof of guilt, defendant was convicted of (a) possession of a gun and (b) attempted assault in the first degree by reckless conduct (Penal Law, § 120.10, subd. 3). The majority is reversing and directing a new trial because of a prejudicial remark in the prosecutor's summation and because there is no such crime as *attempted* assault in the first degree under section 120.10 (subd. 3) of the Penal Law. I agree that the prosecutor's remark was improper, but I cannot see it as materially prejudicial in light of the massive proof of defendant's guilt; hence, I would consider it immaterial error and would disregard it. I also agree that there is no such crime as the attempted assault of which defendant was convicted. But we have the power to modify the judgment by reducing that charge to reckless endangerment in the first degree (CPL 470.15, subd. 2, par. [a]; Penal Law, § 120.25); the proof would amply support a conviction of that offense; and I would so modify the judgment and affirm it as so modified.