THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ZIMMERMAN, Appellant.— Judgment unanimously modified, on the law and in the interest of justice, in accordance with memorandum and as so modified affirmed. Memorandum: Defendant was indicted for kidnapping, second degree, and attempted murder. It is alleged that he abducted an eight-year-old girl, transported her to the banks of the State Barge Canal and there twice threw her into the water of the canal in an effort to cause her death by drowning. Upon the trial the court charged down to unlawful imprisonment, second degree, and no farther than attempted manslaughter, second degree, on the second count. The jury brought in verdicts for these two lesser charges. Defendant was sentenced to a conditional discharge on the unlawful imprisonment count and an indeterminate sentence with a maximum of seven years on the attempted manslaughter count. In this court defendant correctly contends that the judgment for attempted manslaughter, second degree, is invalid. There can be no doubt on the point. An attempt is an intentional act (Penal Law, § 110.00). Manslaughter, second degree, as it applies to this case, is a reckless act (Penal Law, § 125.15, subd. 1). One may not intentionally attempt to cause the death of another human being by a reckless act (*People* v. *Brown,* 21 A D 2d 738; see, also, *People* v. *Foster,* 19 N Y 2d 150; *People* v. *Williams,* 40 A D 2d 1023; *People* v. *Falu,* 37 A D 2d 1025). The court erred in charging attempted manslaughter, second degree, and in failing to charge attempted assault, second degree. The judgment on the second count of the indictment should be modified to attempted assault, second degree (Penal Law, §§ 110.00, 120.05, subd. 1; CPL 470.15, subd. 2, par. [b]). The defendant also contends it was error to deny his motion for a mistrial after a police witness testified to oral admissions made by defendant which were not previously identified in the District Attorney's notice served pursuant to CPL 710.30. The court struck the testimony on motion and gave appropriate instructions to the jury. Considering that defendant's written confession was properly received in evidence, offering the testimony concerning the oral admissions which were consistent with the written confession was harmless error. The unsworn infant's testimony was adequately corroborated by defendant's written confession (*People* v. *Conklin,* 15 A D 2d 514, affd. 11 N Y 2d 1086). There was also corroboration from other witnesses and the infant's palm print on the trunk of defendant's car. The judgment for unlawful imprisonment should be affirmed and the judgment for attempted manslaughter should be modified to the attempted assault, second degree, and the case remitted to Oneida County Court for resentencing. CPL 470.20 (subd. 4). (Appeal from judgment of Oneida County Court convicting defendant of unlawful imprisonment, second degree and attempted manslaughter, second degree.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.