■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JACKSON, Appellant.—Judgment insofar as it convicts defendant of attempted manslaughter, second degree reversed on the law and indictment 37,834-A dismissed, and otherwise judgment affirmed. Memorandum: Following trial of an indictment charging defendant with the crime of murder, the court charged the jury that they could find defendant guilty or not guilty of the crime charged or various lesser offenses including attempted manslaughter in the second degree. The jury found defendant guilty only of the latter offense. As was pointed out in *People v Zimmerman* (46 AD2d 725) and cases cited therein, a defendant may not be convicted of attempted manslaughter, second degree because one may not intentionally attempt to cause the death of another human being by a reckless act. However, under the circumstances presented in the record, we know of no proper basis in law for this court to modify the judgment to one of guilty of attempted assault, second degree. The trial court could have charged down to attempted assault, second degree, but did not do so. The jury by its verdict absolved the defendant of all criminal charges growing out of the alleged homicide submitted to it except one that was a nullity. For this court to modify the judgment to one of guilty of attempted assault, second degree, would require findings of fact by this court not found by the jury. CPL 470.15 (subd 2, par [a]) permits a modification of a judgment to one of conviction for a lesser offense where the trial evidence is not legally sufficient to establish the defendant's guilt of an offense of which he was convicted but is legally sufficient to establish his guilt of a lesser included offense. In this case no proper finding of guilt of any charge having been made by the jury, there can be no modification by the court predicated on a finding of guilt of a lesser included offense. We disavow the determinations made in *People v Brown* (21 AD2d 738) and in *People v Zimmerman (supra)* to the extent that they are inconsistent herewith. The judgment convicting defendant of attempted manslaughter, second degree is reversed and the indictment dismissed. All concur, except Cardamone, J., who dissents and votes to affirm the judgment, in a memorandum, and Simons, J., who dissents and votes to modify the judgment, in a memorandum: Simons, J. (dissenting) Memorandum: On the evening of November 12, 1972 defendant was visiting his sister's apartment. Decedent Homer Burks came to the apartment and he and defendant engaged in an argument. Defendant picked up his rifle and fired at decedent four times. Decedent died of gunshot wounds. Arrested

later that evening, defendant signed a written statement confessing the killing but stated that he acted in self-defense. He was indicted for murder. At the trial the People's ballistics expert testified that tests established that none of the bullets found in decedent's body was fired from defendant's rifle. The Trial Justice charged the jury on murder and then charged attempted murder, manslaughter first and second degree, attempted manslaughter first degree and attempted manslaughter second degree as lesser included offenses. The jury convicted defendant of attempted manslaughter second degree. Less than a year ago this court unanimously held that there was no such crime as attempted manslaughter second degree *(People v Zimmerman,* 46 AD2d 725). That decision was based upon our earlier holding in *People v Brown* (21 AD2d 738) a case followed by the Appellate Division, Second Department in *People v Williams* (40 AD2d 1023) and cited with approval by the Court of Appeals *(People v Foster,* 19 NY2d 150, 153) and the Appellate Division, Third Department *(People v Falu,* 37 AD2d 1025). Our cases hold that upon rendition of such an improper verdict this court may modify the conviction to the next lower legal offense supported by the evidence, attempted assault second degree (CPL 470.15, subd 2, par [b]; *People v Zimmerman, supra; People v Brown, supra).* Under similar circumstances the Second Department remanded the indictment for a retrial on the lesser offense (see *People v Williams, supra).* I would modify the judgment to attempted assault second degree and remit the case for resentencing but whether the judgment be modified by this court or the indictment remanded for a new trial is of secondary importance. On the admitted facts defendant fired at the decedent with the intention of killing him and the jury manifestly did not believe that the shooting was done in self-defense or it would have acquitted defendant. The defendant did not request any charge and excepted to the court's charge down from murder. Certainly he should not be permitted to parlay the error in this prosecution into a dismissal of the indictment, particularly when we have substantial authority to support a modification or retrial. Cardamone, J. (dissenting). Memorandum: The majority conclude that the defendant could not be found guilty of the crime of attempted manslaughter in the second degree as a lesser included crime to the indictment charging him with murder. It reaches this conclusion on the ground that there is no such crime as attempted manslaughter based on the premise that one may not intentionally attempt to cause the death of another human being by a reckless act. In short the majority conclude that since the definition of "attempt" involves an element of "intent" and the definition of "manslaughter" includes the element of "reckless", "attempt" and "manslaughter" are mutually repugnant. In my view, such is an incorrect interpretation of the statutory and decisional law governing lesser included crimes. The CPL (1.20, subd [37] and 300.50) provides that a defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment. The principle is well settled in New York that if "upon any view of the facts, a defendant could be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense" *(People v Mussenden,* 308 NY 558, 561–562). Whether "a defendant could properly be found guilty of a lesser degree or an included crime" depends on whether "there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one" *(People v Mussenden, supra,* p 563; see, also, *People v Asan,* 22 NY2d 526; *People v Usher,* 39 AD2d 459, affd 34 NY2d 600; *People v Wall,* 34 AD2d 215, affd 29 NY2d 863). However, if an additional element or fact must be shown to be present in the lesser

degree of an included crime, then such crime may not be said to be included in the higher crime *(People v Moyer,* 27 NY2d 252). The fact that the definition of "attempt" involves the mental culpability of intent, while manslaughter involves the mental culpability of recklessness, does not lead to the conclusion that the latter cannot be a lesser included offense of the former. This precise question was reached in *People v Usher* (39 AD2d 459, affd 34 NY2d 600, *supra)* where we were faced with the question of whether manslaughter in the second degree, which consists of a killing committed recklessly (Penal Law, § 125.15, subd [1]), is a lesser included offense of manslaughter in the first degree, which consists of killing committed with intent to cause serious physical injury (Penal Law, § 125.20). We stated there that the vital distinction between the two lies in whether death was caused with intent to inflict serious physical injury or only recklessly. " 'The question of intent can never be ruled as a question of law, but must always be submitted to the jury' " *(People v Usher,* 39 AD2d 461, quoting *People v Flack,* 125 NY 324, 334). Thus, we held that the jury could have had a reasonable doubt that the defendant intended to cause serious physical injury and yet have found that his conduct was reckless. The same is true in the instant case. The jury, on the facts of this case, could have had a reasonable doubt that the defendant intended to kill the victim and yet have found that his conduct was "reckless" and created a substantial risk of serious physical injury. One of the leading commentators on criminal law has concluded, as did the experienced Trial Judge in this case, that one may be guilty of attempted manslaughter (Pitler, N.Y. Crim. Pro. Law, p 442, n 28). In an analogous situation the Court of Appeals recently held, in considering the distinction between manslaughter (reckless) and criminally negligent homicide (negligence), that the mental elements of the respective crimes are not mutually exclusive but are merely "shades apart on the scale of criminal culpability" *(People v Stanfield,* 36 NY2d 467, 471). In considering the question of whether there is a lesser included crime that may be charged, the focus should not be on semantic *distinctions with respect to culpability drawn from statutory definitions* in the abstract but rather upon a view of the *particular facts* in each case *(People v Stanfield, supra; People v Usher, supra).* Since the various degrees of homicide involve varying shades of culpability which are to be determined at the time of trial on the particular facts of the case, a defendant indicted for murder may be guilty of attempted manslaughter (see Model Penal Code, § 2.02, subd [5]). In my view the defendant's conduct in this case fits that crime. The jury found the defendant guilty of it under a proper charge. Consequently, I vote to affirm. (Appeal from judgment of Erie Supreme Court convicting defendant of attempted manslaughter, second degree and possession of a weapon.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.