OPINION OF THE COURT
Burton G. Hecht, J.
Defense counsel has moved for:
(1) A dismissal of the second count of this indictment on the grounds that there is no such crime under the Penal Law of attempted murder by a reckless act (CPL 200.50, subd 4);
(2) dismissal of the fourth count of this indictment of assault in the first degree pursuant to CPL 200.50 (subd 7);
(3) an inspection of the Grand Jury minutes and a dismissal of all counts of this indictment claiming that the evidence before the Grand Jury was not legally sufficient (CPL 210.20, subd 1, par [b]); and for other relief as this court may deem just and proper.
CONCLUSIONS OF LAW
Count two of this indictment reads as follows:
“The Grand Jury of the County of the Bronx, by this indictment, accuse the defendant of the crime of attempted murder in the second degree committed as follows:
*66 “The defendant on or about December 25, 1980, in the County of the Bronx, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to Iris Reyes by discharging a loaded firearm, thereby inflicting divers wounds and injuries upon Iris Reyes.” i
First, it is noted by this court that this count is defective since the factual statement supporting the offense charged fails to include the word “attempt” (see CPL 200.50, subd 7).
In any event, there is still no such crime as attempted murder when the charge is attempting to commit a murder under subdivision 2 of section 125.25 of the Penal Law which reads:
“A person is guilty of murder in the second degree when: * * *
“2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes the death of another person”.
“Attempt” which is defined under section 110.00 of the Penal Law is an intentional act, i.e., “with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” However, murder in the second degree under subdivision 2 of section 125.25 of the Penal Law involves no intent but instead requires a culpable mental state of recklessness. One may not intentionally attempt to cause the death of another by a reckless act (People v Acevedo, 32 NY2d 807; People v Foster, 19 NY2d 150; People v Jackson, 49 AD2d 680; People v Zimmerman, 46 AD2d 725; People v Williams, 40 AD2d 1023; People v Brown, 21 AD2d 738).
For these reasons, count two of this indictment is dismissed (CPL 210.20, subd 1, par [a]; 210.25, 200.50, subd 4).
[Portions of opinion omitted for purposes of publication.]