The defendant was indicted and convicted for the attempted murder of his ex-wife. Alabama Code 1975, Section 13A-4-2. Sentence was twenty years' imprisonment.
On appeal the only issue raised is whether or not the State presented sufficient evidence to prove that the defendant intended to actually kill Mrs. Chaney. As the defendant acknowledges, the basic facts are not disputed.
The defendant and Mrs. Chaney had a brief conversation at the defendant's car in a parking lot of the plant where Mrs. Chaney was employed. Mrs. Chaney testified that the defendant wanted to know when she was going to let him see their five children. She replied that she would get their oldest son to "bring them over this weekend." The defendant responded that "that's not the way he wanted it" and that he would "just put an end to it all." Mrs. Chaney left and walked away. The defendant got out of his car, removed a .20 gauge shotgun from the back seat, pointed it at Mrs. Chaney and fired. Mrs. Chaney was approximately 60 feet from the defendant when she was shot. She suffered severe injuries on her neck and face.
Mrs. Chaney testified that the defendant had threatened her life "several times" before the shooting occurred. She had last seen the defendant three weeks before the shooting when the defendant told her that he was going to kill her if she did not "come back" to him. On that occasion the defendant told her that if she did not leave with him that night the next time Mrs. Chaney saw him he was "gonna have some ammunition."
In formulating a general definition of what constitutes an attempt to murder "(t)he universally accepted guiding principle is that the fundamental elements of the crime of attempted murder are a specific intent to commit murder and an overt act in furtherance of that object." Anno. 54 A.L.R.3d 612, 617 (1973). In Alabama, a person commits the crime of attempt to murder if he intends to cause the death of another person and does any overt act towards the commission of that intent. *Page 627 
Alabama Code 1975, Sections 13A-4-2 (the attempt statute) and13A-6-2 (murder).
The element of the "overt act" is clearly present in this case. "The requisite actus reus need only be, indeed can only be, some deed short of consummation, e.g., falling short or wide of the goal." Huggins v. State, 41 Ala. App. 548, 550,142 So.2d 915, cert. denied, 273 Ala. 708, 142 So.2d 918 (1962).
Prior to the adoption of Title 13A, case law included a third element in the crime of attempt — the failure to consummate the crime. Reed v. State, 372 So.2d 876 (Ala. 1978).
Intent may be presumed from the act of using a deadly weapon,McArdle v. State, 372 So.2d 897 (Ala.Cr.App.), cert. denied,372 So.2d 902 (Ala. 1979), and from the character of the assault, including the nature and amount of force used in inflicting the fatal injury. Flint v. State, 370 So.2d 332
(Ala.Cr.App. 1979).
Under Section 13A-4-2 "(i)t is no defense that the offense charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the defendant believed them to be." This is in accord with the well accepted rule.
 "That the crime of murder was impossible of consummation for some reason unknown to the accused at the time of his alleged attempt has been consistently rejected as a defense to a charge of attempted murder, the courts frequently saying that it is not necessary that the contemplated murder be factually possible, if it was apparently possible to the accused."
54 A.L.R.3d at 632.
Although Section 13A-4-2 (c) provides for a "renunciation" or "abandonment" defense to the crime of attempt, it requires the avoidance of the offense attempted by an abandonment of criminal effort. The fact that the defendant did not shoot Mrs. Chaney a second time does not provide any evidence of abandonment for the overt act in furtherance of the criminal intent had already occurred. "If a man resolves on a criminal enterprise and proceeds so far in it that his act amounts to an indictable attempt, it does not cease to be such even though he voluntarily abandons the evil purpose." 54 A.L.R.3d at 633.
Evidence of the defendant's previous threats to kill his wife were admissible to show the intent with which the defendant acted in shooting her. Padgett v. State, 49 Ala. App. 130,269 So.2d 147, cert. denied, 289 Ala. 749, 269 So.2d 154 (1972);Shiflett v. State, 262 Ala. 337, 78 So.2d 805 (1955).
The State presented cogent and convincing evidence that the defendant intended to kill Mrs. Chaney. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.