Monty Eutaw Howell, the petitioner, was convicted of criminally negligent homicide in the Circuit Court of Winston County and sentenced to 12 months' hard labor. The conviction arose from an incident which took place on April 30, 1980. Monty Howell and David Bailey, his co-defendant, had spent the night at Howell's residence. At approximately 6:00 a.m., Robert Fuller, the deceased, came to Howell's home. While the three of them were in a room together, Bailey proceeded to show Fuller a pistol he had in his possession. While Bailey was showing Fuller the pistol, Howell exploded some firecrackers in the house. The pistol fired and the bullet struck Fuller, resulting in his death.
Howell was charged with manslaughter and convicted of the lesser included offense of criminally negligent homicide. The case was appealed to the Court of Criminal Appeals on the sole issue of whether there was substantial credible evidence of causation to justify submitting the case to the jury. The Court of Criminal Appeals held that sufficient evidence was presented to make out a prima facie case and affirmed the judgment of the trial court. However, on application for rehearing in the Court of Criminal Appeals, Howell's attorney raised a second issue, whether there was substantial credible evidence of the specific intent required to prove guilt of criminally negligent homicide by way of complicity. The Court of Criminal Appeals overruled the application for rehearing without addressing the second issue. We granted the writ of certiorari to consider this issue, and for the reasons set out below we reverse and remand this case to the Court of Criminal Appeals.
At the outset, we must reiterate the general rule: "[T]his Court has said in an unbroken line of cases that matters not presented on appeal cannot be considered on application for rehearing." Ex parte Cooke, 263 Ala. 481, 486, 83 So.2d 195,199 (1955). See also, Kirkland v. Kirkland, 281 Ala. 42,198 So.2d 771 (Ala. 1967). However, these issues may be considered by this Court "under its inherent power to do full justice."263 Ala. at 486, 83 So.2d 195. See also, A.R.App.P. 2 (b). After a full consideration of the briefs and arguments of the parties it is the opinion of this Court that the issue presented in the application for *Page 1330 
rehearing to the Court of Criminal Appeals, and submitted to this Court in the petition for certiorari, warrants our consideration and decision in this case. This is not to imply that the Court of Criminal Appeals was in error in not addressing this issue. Rather, we find the circumstances of the case sufficiently "extraordinary and demanding" to suspend the general rule in this case. Cooke, supra at 487, 83 So.2d 195.
Under the Alabama Criminal Code a person may be criminally liable based upon his own behavior, Code 1975, § 13A-2-20, or based upon the behavior of another, §§ 13A-2-21 through -23. In the case before us, it appears that Howell was tried on the theory of complicity and the jury was charged accordingly. That section provides:
 "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
 "(1) He procures, induces or causes such other person to commit the offense; or
 "(2) He aids or abets such other person in committing the offense; or
 "(3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make."
Code 1975, § 13A-2-23.
The commentary to the section indicates the mental state required by this section:
 "The necessary mental state requisite for liability is couched in the explicit terms of `with the intent to promote or assist.' The base of liability here is much more limited than that expressed in § 13A-2-22. Rather than including recklessness or criminal negligence, the thrust here is to place liability upon one who has the more positive mental state of promoting or actively assisting the perpetration of an offense."
Commentary, Code 1975 § 13A-2-23. (Emphasis added.)
The crime of which Howell was convicted was criminally negligent homicide. The Code provides:
 "(a) A person commits the crime of criminally negligent homicide if:
 "(1) He causes the death of another person by criminal negligence; or
 "(2) He intentionally or recklessly causes the death of another person in the good faith but unreasonable belief that one or more grounds for justification exist under article 2 of chapter 3 of this title."
Code 1975, § 13A-6-4. The following definition is applicable to this section:
 "(4) CRIMINAL NEGLIGENCE. A person acts with criminal negligence with respect to a result or to a circumstance which is defined by statute as an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. A court or jury may consider statutes or ordinances regulating the defendant's conduct as bearing upon the question of criminal negligence."
Code 1975, § 13A-2-2 (4)
Petitioner argues that a conviction of criminally negligent homicide by way of complicity under these two sections is fundamentally inconsistent. We agree.
The legislature has written that criminal negligence involves a failure to "perceive a substantial and unjustifiable risk." In contrast, an offense committed by way of complicity requires the specific "intent to promote or assist" in the commission of an offense. On the facts before us, it is clear to the Court that criminal liability based upon complicity and criminally negligent homicide are inconsistent. That is, specific intent to commit an offense is required to show complicity but is rejected by the statute on criminal negligence. Since, in this case, we find these two sections to be in conflict we hold that the conviction based on this theory is improper, and we reverse and remand this case to the Court of Criminal *Page 1331 
Appeals for proceedings consistent with this opinion.
REVERSED AND REMANDED
FAULKNER, SHORES, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs in the result, with opinion.
MADDOX, ALMON and EMBRY, JJ., not sitting.