The appellant, James Raymond Daugherty, was indicted and convicted for the offense of rape in the first degree, as proscribed by § 13A-6-61, Code of Alabama 1975. He was sentenced to 25 years' imprisonment and ordered to pay $247.25 as restitution, $1,000 as victims' compensation assessment, and court costs.
As his sole issue, Daugherty contends that the trial court erred in denying his written requested charges designated as No. 12 and No. 13. The first of these requested charges consisted of a charge on first and second degree assault, while No. 13 pertained to third degree assault. We need not address whether the three degrees of assault were lesser included charges of first degree rape, under the facts of this case, and whether the requested written charges were in proper form and legally sufficient, for these issues were not properly preserved.
The court's refusal to give the written requested charges is not before us for review because no objection to the court's refusal was entered either during the charge conference, when the court disclosed that it did not intend to give the requested written charges, or after the oral charge. A.R.Crim.P.Temp. 14. The court's refusal to include the alleged lesser included offenses would have been preserved for our review by counsel's request, after the court's oral instruction, for a charge on assault, had his objections to the court's charge been proper. However, the record reflects that counsel merely requested an "instruction on a lesser charge of assault"; the record fails to reflect that counsel specified any degree of assault or any subsection of any degree. Moreover, counsel failed to specify any ground for his objection. A.R.Crim.P.Temp. 14 requires that defense counsel, in objecting to the court's giving of an incomplete oral charge, state "the matter to which he objects and the grounds of his objection." See Matkins v. State, 497 So.2d 201 (Ala. 1986).
Based on the foregoing, this cause is due to be affirmed.
AFFIRMED.
All Judges concur.