Chinda Urbina Stennet, the appellant, was indicted for the attempted murder of Vicki Pearson. The jury found her guilty of the lesser included offense of attempted manslaughter. The trial judge set sentence at ten years' imprisonment in the penitentiary.
On the evening of April 19, 1988, an argument ensued between the appellant and Vicki Pearson at Pearson's trailer. At some point, the appellant left Pearson's trailer. A short time later, the appellant returned to Pearson's trailer and fired a shotgun twice at the trailer. Although no one was injured by the shots, numerous shotgun pellets hit Pearson's trailer.
The sole issue raised by this appellant is whether the trial judge erred by failing to instruct the jury on the offenses of attempted assault in the second degree and reckless endangerment. We agree that the trial judge should have instructed the jury on the offense of reckless endangerment. The trial judge erroneously instructed the jury on the offense of attempted manslaughter, since we find that attempted manslaughter is not an offense in this state.
Section 13A-4-2(a), Code of Alabama (1975), provides that "[a] person is guilty of an attempt to commit a crime, if,with the intent to commit a specific offense, he does any overt act towards the commission of such offense." (Emphasis added.) The trial judge instructed the jury under subsection (a)(1) of § 13A-6-3, Code of Alabama 1975, which states that "[a] person commits the crime of manslaughter if . . . [h]e recklessly
causes the death of another person." (Emphasis added.) Therefore, in order to constitute the offense of attempted *Page 96 
manslaughter under § 13A-4-2(a) and § 13A-6-3(a)(1), one must intend to recklessly cause the death of another. This is impossible because "intentional" and "reckless" are inconsistent terms.
Numerous other courts have considered this question and have also found that there is no such offense as attempted manslaughter. See People v. Zimmerman, 46 A.D.2d 725,360 N.Y.S.2d 127, 128 (1974) ("An attempt is an intentional act. Manslaughter . . . is a reckless act. One may not intentionally attempt to cause the death of another human being by a reckless act."); People v. Jackson, 49 A.D.2d 680, 370 N.Y.S.2d 739
(1975); People v. Brown, 21 A.D.2d 738, 249 N.Y.S.2d 922, 923
(1975) ("There must be an intent to commit a specific crime in order to constitute an attempt. An attempt to commit manslaughter is apparently a contradiction because the specific crime of manslaughter involves no intent and, accordingly, an intention to commit a crime whose distinguishing element is lack of intent is logically repugnant."); State v. Johnson,103 N.M. 364, 707 P.2d 1174, 1178 (N.M.App. 1985) ("The crime of attempt . . . is a specific intent crime. In comparison, the underlying crime of [manslaughter] does not require specific intent to kill. Indeed, it expressly excludes a specific intent to kill."); Commonwealth v. Hebert, 373 Mass. 535,368 N.E.2d 1204, 1206 (1977) ("An attempt to commit a crime necessarily involves an intent to commit that crime. Involuntary manslaughter is homicide unintentionally caused. Hence an attempt to commit involuntary manslaughter is logically impossible."); Rhode v. State, 181 Ind. App. 265,391 N.E.2d 666, 669 (1979) ("Indiana has no statutory crime of attempted reckless homicide."); State v. Melvin, 49 Wis.2d 246,181 N.W.2d 490, 492 (1970) ("one cannot attempt to commit a crime which only requires reckless conduct and not a specific intent"); Hull v. State, 553 S.W.2d 90, 94 (Tenn.App. 1977) ("one may not be guilty of an attempt to commit involuntary manslaughter" since there is "no such crime as would require proof that one intended a result that accidentally occurred");Bailey v. State, 100 Nev. 562, 688 P.2d 320, 321 (1984) (crime of attempted involuntary manslaughter does not exist because "it is logically impossible to attempt to commit an unintentional act"); State v. Howard, 405 A.2d 206, 212 (Me. 1979) ("Because of the discrepancy in culpable mental states between criminal attempt on the one hand and manslaughter on the other, the proffered crime of 'attempted manslaughter' is a logical impossibility."); Gonzales v. State, 532 S.W.2d 343,345 (Tex.App. 1976) (attempted involuntary manslaughter is a "contradiction in terms"); State v. Almeda, 189 Conn. 303,455 A.2d 1326 (1983) (attempted manslaughter is not a crime cognizable under Connecticut law); People v. Hernandez,44 Colo. App. 161, 614 P.2d 900 (1980); People v. Broussard,76 Cal.App.3d 193, 142 Cal.Rptr. 664 (1977); Merritt v.Commonwealth, 164 Va. 653, 180 S.E. 395 (1935); Commonwealth v.Griffin, 310 Pa. Super. 39, 456 A.2d 171 (1983); State v.Zupetz, 322 N.W.2d 730 (Minn. 1982) ("it seems illogical that someone could intend to cause someone else's death through negligence or even recklessness" because while "[o]ne may reasonably conclude that [the defendant] intentionally behaved in a reckless manner" and "may have intended to kill [the victim]," even so "it makes no sense to say that he intended to kill her by being reckless").
 "Recklessness and negligence are incompatible with desire or intention. Where, therefore, in a crime which by definition may be committed recklessly or negligently but not intentionally, the recklessness or negligence relates not to a pure circumstance but to a consequence, it is impossible to conceive of an attempt. Thus there can be no attempt to commit involuntary manslaughter. The consequence involved in that crime is the death of the victim and an act done with intent to achieve this, if an attempt at all, is attempted murder."
Smith, Two Problems in Criminal Attempts, 70 Harv.L.Rev. 422, 434 (1957).
Likewise, under Alabama law, if a person attempts to cause, recklessly or otherwise, the death of another person, that person is guilty of attempted murder. This is because *Page 97 
the death of another was the act intended although the attempt to accomplish this result failed. There is no such offense as attempted manslaughter in Alabama since "intent" and "recklessness" are incompatible terms. See Free v. State,455 So.2d 137 (Ala.Crim.App.), cert. denied (Ala. 1984) ("one cannot recklessly attempt [i.e. intend but fail] to commit murder"). But see Paige v. State, 494 So.2d 795
(Ala.Crim.App.), cert. denied (Ala. 1986) (although the appellant contended that the trial court should have charged on attempted manslaughter as a lesser included offense of attempted murder, this Court did not address this issue and held only that reckless manslaughter is a lesser included offense of intentional murder). Thus, the trial judge erred by instructing the jury on the offense of attempted manslaughter, an offense which does not exist in this state.
We need not decide whether the trial judge erred by failing to instruct the jury on the offense of attempted second degree assault. There are four subsections enumerated under §13A-6-21, Code of Alabama 1975 (the second degree assault statute). When defense counsel objected to the trial court's refusal to charge on the offense of second degree assault, he failed to specify which subsection or subsections he wanted the trial court to charge on. Thus, this matter is not before this court for review. Rule 14, A.R.Crim.P.Temp.; Daugherty v.State, 527 So.2d 1364 (Ala.Crim.App. 1988).
However, defense counsel properly requested an instruction on the offense of reckless endangerment, and we find that the trial judge erroneously refused to give that charge. A person commits the offense of reckless endangerment if he "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." Ala. Code, § 13A-6-24
(1975). The evidence in this case showed that the appellant fired a shotgun at the victim's trailer while the victim and her family were inside. Under the facts of this case, as established by the evidence presented at trial, there was a rational basis for a verdict convicting the appellant of reckless endangerment. Ala. Code, § 13A-1-9(b) (1975). Thus, under these particular circumstances, reckless endangerment was a lesser included offense of attempted murder, and the jury should have been so instructed. See Turner v. State,542 So.2d 1314 (Ala.Crim.App.), cert. denied (Ala. 1989).
The appellant's conviction for the offense of attempted manslaughter is reversed and the cause is remanded to the trial court.
REVERSED AND REMANDED.
All the Judges concur.