TYSON, Judge.
Willie James Wheeler was indicted for attempted murder, in violation of §§ 13 A-4-2 and 13A-6-2, Code of Alabama 1975. The petit jury found him “guilty as charged in the indictment.” The trial judge thereafter sentenced him to 25 years’ imprisonment as a habitual felony offender and ordered him to pay $1,000 to the Alabama Crime Victims Compensation Fund.
The appellant contends that the evidence presented by the State at trial was insufficient to support his conviction for attempted murder. Specifically, he claims (1) that the State failed to prove the requisite intent to commit the crime, (2) that the State failed to eliminate other reasonable explanations as to how the shooting occurred, and (3) that he tried to abandon, renounce, or avoid the crime. See Ala.Code § 13A-4-2(c) (1975) (abandonment is a defense to an attempt).
Section 13A-6-2, Code of Alabama 1975, reads, in relevant part:
“(a) A person commits the crime of murder if:
(1) With intent to cause the death of another person, he causes the death of that person or of another person_”
Section 13A-4-2, Code of Alabama 1975, reads, in relevant part:
“(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.”
To overturn a conviction based on a challenge to the sufficiency of the evidence, an appellant must make in this court a strong showing supporting his position:
“When an accused is convicted by a unanimous vote of a petit jury, the verdict comes to us with a presumption of correctness. It is not the function of this court to reweigh the evidence on appeal. Additionally, we will review the evidence in the light most favorable to the state. Cumbo v. State, 368 So.2d 871 (Ala.Cr. App.1978), cert. denied, 368 So.2d 877 (Ala. 1979).
“Our review is limited to the issue of whether a jury could by fair inference find the appellant guilty beyond a reasonable doubt based on legal evidence presented at trial. Howell v. State, 431 *877 So.2d 1326, 1328 (Ala.Cr.App.1982), rev’d on other grounds, 431 So.2d 1328 (Ala. 1983); Crumpton v. State, 402 So.2d 1081, 1085 (Ala.Cr.App.), cert. denied, 402 So.2d 1088 (Ala. 1981); Nobis v. State, 401 So.2d 191, 198 (Ala.Cr.App.), cert. denied, 401 So.2d 204 (Ala.1981).”
Rothchild v. State, 558 So.2d 981 (Ala.Cr. App.1989).
The State, at trial, called Wilbur McClure to testify. McClure, the victim in this case, and Edith Stewart, McClure’s ex-wife, were separated on September 15, 1988. McClure stated that he and Stewart were married and that he discovered that she was dating the appellant. McClure took up a separate residence from Stewart in north Birmingham, Alabama.
McClure stated that on October 6, 1988, Stewart called him at work and asked if she could talk to him about their future plans — to stay married or to get divorced. McClure testified that, when he arrived home, Stewart’s automobile was parked in front of his house.
That evening, he and Stewart sat on his bed, talked, watched television, and fell asleep. McClure claims that at approximately 8:00 p.m. he heard someone kick in his front door. He stated that he looked up and saw the appellant standing in his bedroom doorway. According to McClure, the appellant aimed a gun at him, firing three shots and hitting him twice.
McClure testified that Stewart then jumped up from the bed and began to wrestle with the appellant and that she tried to get the gun from him. McClure claimed that during their confrontation they moved back into the living room (which adjoined the bedroom) and that he heard a fourth gunshot.
Stewart and the appellant exited through the front door. McClure stated that, when they did so, he went out the side door of his house, where he was met by his landlord. His landlord took him to Caraway Hospital in Birmingham. Surgery was performed on the appellant, since he had received a gunshot wound to his lower leg and to his wrist. He was hospitalized for almost one month.
Officers Stan McConnell and Fred Hed-gepath, both of whom are evidence technicians with the Birmingham Police Department, collected evidence from the scene of the crime. They observed bullet holes in the floor and molding in McClure’s bedroom and removed an expanded bullet (one which has been fired) from one of the holes in the bedroom.
Officer Michael Bell, with the Birmingham Police Department, also testified. He stated that he went to Princeton Hospital in Birmingham in response to a call that a person had been shot. When he arrived, he spoke with Stewart, who told him that she and her husband had been shot. He next spoke with Cheryl Stoves, the appellant’s sister. She took Officer Bell to the hospital parking lot, where the appellant was sitting in Stoves’s car. The appellant was placed under arrest at this time. He told Officer Bell that the gun was at Stoves’s house. The gun was retrieved by Officer Bell and was sent to the Department of Forensic Sciences for comparison purposes.
Lawden Yates, with the Alabama Department of Forensic Sciences, received the appellant’s weapon. He test-fired the gun and compared the bullets with those bullets recovered from McClure’s house. Yates opined that the bullets were fired from the same gun.
After Yates testified, the State rested its case. The appellant then made an oral motion for judgment of acquittal, arguing that the State had failed to prove that he “intended” to harm McClure and had failed to prove “serious bodily injury.” The motion was denied by the trial judge.
During its case-in-chief, the appellant called Edith Stewart to testify. She claimed that she and McClure were lying in his bed on October 6, 1988, when she heard the appellant call her name. She testified that she met the appellant in the living room and that they began fighting. According to Stewart, the gun fired several times while they were struggling over it.
The appellant also testified. He stated that on October 6, 1988, he was going to “this guy’s” house. In so doing, he said he *878 passed McClure’s house and noticed Stewart’s automobile parked in front. He stated that he ascended the steps of McClure’s house and shouted, “Edith.” He said he heard a scuffling noise, so he opened the door and met Edith Stewart in the living room, where they began to wrestle. (R. 200.) During the struggle, he said, his gun fired several times. He stated that he did not intend to shoot anyone and did not know that McClure or Stewart had been shot.
After resting his case, the appellant again raised his motion for judgment of acquittal, arguing that the State failed to prove the requisite element of intent.
A
We note that appellant’s claim that he renounced and abandoned the crime was not raised at trial and was not raised in his motion for new trial. Issues not raised at trial are deemed waived. Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App.1984).
B
As for the appellant’s claim that the State failed to prove that the appellant intended to shoot McClure, we have held that intent may be presumed from the use of a deadly weapon. Twyman v. State, 565 So.2d 1215 (Ala.Cr.App.1990); Chaney v. State, 417 So.2d 625, 627 (Ala.Cr.App. 1982); McArdle v. State, 372 So.2d 897 (Ala.Cr.App.), cert. denied, 372 So.2d 902 (Ala.1979).
The State must still, however, prove that the appellant was shooting at the victim with the intent to kill him. Free v. State, 455 So.2d 137, 148 (Ala.Cr.App.), cert. denied (Ala. 1984). Even though the evidence was conflicting at trial, the jury could reasonably infer that the appellant intended to shoot McClure, based on McClure’s testimony and the testimony of the police officers, which supported McClure’s rendition of the facts.
The appellant claimed that he never stepped into the appellant’s bedroom, although he said he and Stewart got close while wrestling. He also claimed that he never intentionally pointed his pistol at McClure.
This evidence, however, was refuted by the police officers’ testimony, who testified that the bullet holes were in the floor and molding in McClure’s bedroom. Blood was also found next to McClure’s bed.
The jury’s finding was reasonably supported by the evidence. Therefore, the trial judge’s denial of the appellant’s motion for judgment of acquittal was correct.
C
Finally, the appellant seems to argue that the State failed to prove that other reasonable explanations did not exist.
A similar argument was addressed by this Court in Austin v. State, 555 So.2d 324 (Ala.Cr.App.1989) (appellant was convicted of assault in the second degree). In Austin, we found from a review of the evidence that the State satisfied the elements of the charged crime.
We likewise find in this cause, viewing the evidence in the light most favorable to the State, Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979), that the elements of attempted murder were satisfied. The jury could by reasonable and fair inference conclude that the appellant intended to kill McClure and committed an overt act to that end. Cf. Chaney, supra, (prior to current attempt statute, a third element was required — failure to consummate the intended act).
Therefore, for the reasons set out herein, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.