The appellant was convicted of reckless murder, in violation of § 13A-6-2(a)(2), Code of Alabama 1975, and was sentenced to life imprisonment.
The evidence presented by the State tended to show the following: Sylvia Rivers testified that she and her 3-year-old child were driving to her grandmother's house when she saw the appellant standing in the "bed" of a pick-up truck erratically firing a shotgun in every direction. She further testified that *Page 1280 
Vernon Peterson, who was stopped in front of her car, returned gunfire. In the course of the fray, Rivers's son was struck in the head by a bullet, and he died shortly thereafter. The record indicates that the appellant's family and Vernon Peterson's family had been involved in an altercation the previous night at a club.
The appellant contends that the trial court erred in charging the jury on murder based on accomplice liability. He argues that the State's theory was that he "aided and abetted the commission of reckless murder; as such, he had to have the specific intent to promote or assist the commission of that offense." He argues that because "intent" and "recklessness" are incongruent concepts, his conviction is due to be reversed.
The record reveals that during the voir dire examination of the venire, the district attorney stated that the State was proceeding under a theory of accomplice liability in this case. The district attorney further stated:
 "I will tell you right now that we cannot prove to you that Mr. Simmons fired the shot that killed Leonard Rivers. But we expect to be able to prove that he aided and abetted as that term will be defined by the Court at the end of this trial. Is there any one of you who could not find Mr. Simmons guilty of the offense of murder because that's what he's charged with if the State proved only that he aided and abetted as opposed to actually pulling the trigger of the weapon that killed Leonard Rivers?"
After the jury was struck, the State petitioned the court to strike count I of the indictment charging the appellant with murder in violation of § 13A-6-2, Code of Alabama 1975, and proceeded exclusively on count II, reckless murder in violation of § 13A-6-2(a)(2), Code of Alabama 1975. The appellant, in his motion for judgment of acquittal at the close of the State's case, argued 1) that the State failed to prove a prima facie case, and 2) that there is no accomplice liability for reckless murder. The record further indicates that appellant's trial counsel, before closing arguments and after receiving a copy of the State's requested jury charges, which included charges on accomplice liability and aiding and abetting, reiterated his prior objections that said theories of liability were inapplicable to a charge of reckless murder. The trial judge overruled the objections and gave the following jury charge on accomplice liability:
 "A person is legally accountable for the behavior of another constituting a criminal offense if with intent to promote or assist in the commission of the offense he aids or abets such other person in committing the offense. Whether by prearrangement or on the spur of the moment, two or more persons enter into a common enterprise or adventure and a criminal offense is contemplated, then each of those persons is a conspirator and if the purpose is carried out then each is guilty of the offense committed whether he did any overt act or not. This rests upon the principle that one who is present is knowingly and intentionally encouraging, aiding and abetting the actual perpetrator in the commission of the offense is a guilty participant and in the eyes of the law is equally guilty with the one who does the act. Province does not require the defendant — that's not applicable.
 "You, the jury, are to determine whether it exists and the extent of it from the conduct of the parties and all the evidence in this case. I have used in connection with the definition of legal principle the [words] 'aids and abets.' They comprehend any and all assistance rendered by acts or words of encouragement, support or presence to render assistance should it become necessary. No particular acts are necessary. If encouragement is given to commit a felony or giving weight to all the testimony, you are convinced beyond a reasonable doubt that the defendant was present with the view to render aid should it become necessary, then that ingredient of the offense is made out. Accomplice, while he may not have actually committed the crime by firing the fatal shot, is just as guilty as the person who shot Leonard Rivers. Therefore, if you are satisfied beyond a reasonable doubt the defendant aided and abetted the death of Leonard Rivers to the extent that his conduct was *Page 1281 
reckless and manifest an extreme indifferent to human life, you may find him guilty of murder even if he did not fire the fatal shot."
Outside the presence of the jury, appellant's trial counsel placed the following objection:
 "Note our objection to your giving accomplice liability instruction, Judge, aiding and abetting, as the complicity statute requires a specific intent to aid and abet a specific offense. In this case, the State has charged the defendant with a reckless killing."
The jury, after deliberation had commenced, returned with the following question for the trial judge:
 "The question is, the jury had a problem with the statement, 'We, the jury, find the defendant guilty of murder as charged in the indictment.' There was no mention of aiding and abetting or any of the other statements that we had heard in the indictment."
The trial judge then recharged the jury on aiding and abetting, as follows:
 "THE COURT: Okay. I'm going to charge you on it again. Whether by prearrangement or on the spur of the moment, two or more persons enter into a common enterprise or adventure and a criminal offense is contemplated, then each of those is a conspirator. And if the purpose is carried out then each is guilty of the offense whether he did any overt act or not. This rests upon the principle, legal principle, that one who is present and knowingly and intentionally encouraging, aiding or abetting or assisting the actual perpetrator in the commission of an offense is a guilty participant as the one who does the act. So, under the indictment the State has tried to convince you beyond all reasonable doubt that there was an aiding and abetting situation going on out there. And if you are convinced beyond all reasonable doubt from the evidence that there was an aiding and abetting situation out there as I have charged you and the defendant intentionally was aiding and abetting in conduct which creates a grave risk of death to a person other than himself which under the circumstances manifest extreme indifference to human life, then he would be guilty of murder. Does that help any? I think I'm getting more nods yes than no. Is there anything else I could add for you, Mr. Deen?"
Again, trial counsel objected outside the presence of the jury on grounds that the defendant cannot aid and abet in a reckless murder situation. Section 13A-6-2(a)(2) provides:
"(a) A person commits the crime of murder if;
". . . .
 "(2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person. . . ."
Section 13A-2-23 defines complicity liability as follows:
 "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
 "(1) He procures, induces or causes such other person to commit the offense; or
 "(2) He aids or abets such other person in committing the offense; or
 "(3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make."
In Stennet v. State, 564 So.2d 95 (Ala.Cr.App. 1990), this court addressed the situation wherein the defendant was found guilty of the offense of attempted manslaughter. In holding that it is legally impossible to commit the offense of "attempted manslaughter" it reasoned that the terms "intentional" and "reckless" are inconsistent, and, therefore, are incompatible within the same charged offense. "An attempt to commit murder requires the perpetrator to act with the specific intent to commit murder. One must intentionally or knowingly attempt to commit murder. A general felonious intent is not sufficient. Accordingly, one cannot recklessly attempt to commit murder." Free v. State, 455 So.2d 137, 147
(Ala.Cr.App. 1984). *Page 1282 Ex parte Howell, 431 So.2d 1328 (Ala.Cr.App. 1983).
Because the jury, in finding the appellant guilty, could have relied on erroneous statements of law given in the trial judge's instructions to them, the judgment is reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.