I disagree with the majority's holding that the principles of complicity are not inconsistent with the concept of reckless manslaughter.
The Supreme Court of Alabama, in a case involving criminally negligent homicide which is a lesser included offense of manslaughter, held that:
 "The legislature has written that criminal negligence involves a failure to 'perceive a substantial and unjustifiable risk.' In contrast, an offense committed by way of complicity requires the specific 'intent to promote or assist' in the commission of an offense. On the facts before us, it is clear to the Court that criminal liability based upon complicity and criminally negligent homicide are inconsistent. That is, specific intent to commit an offense is required to show complicity but is rejected by the statute on criminal negligence."
Ex parte Howell, 431 So.2d 1328, 1330 (Ala. 1983). The offense of reckless manslaughter, as defined in § 13A-6-3(a)(1), like criminal negligence, is an offense which does not require the specific intent to commit the crime. Thus, complicity, which does require specific intent, is not consistent with a manslaughter charge. This court has held that a trial court erred when it charged the jury on the offense of attempted manslaughter. Stennet v. State, 564 So.2d 95
(Ala.Crim.App. 1990.) This Court held that attempted manslaughter is not an offense in Alabama. *Page 1095 
 "('An attempt is an intentional act. Manslaughter . . . is a reckless act. One may not intentionally attempt to cause the death of another human being by a reckless act.'); People v. Jackson, 49 A.D.2d 680,370 N.Y.S.2d 739 (1975); People v. Brown,21 A.D.2d 738, 249 N.Y.S.2d 922, 923 (1964) ('There must be an intent to commit a specific crime in order to constitute an attempt. An attempt to commit manslaughter is apparently a contradiction because the specific crime of manslaughter involves no intent and, accordingly, an intention to commit a crime whose distinguishing element is lack of intent is logically repugnant.'); . . ."
Stennet, 564 So.2d at 96.
Likewise, complicity requires the specific intent to promote or assist in the commission of a crime. Manslaughter, as defined in § 13A-6-3(a)(1), Code of Alabama, 1975, is not a specific intent offense. The two statutes are inconsistent and the trial court should not have instructed the jury on the concept of complicity as defined in § 13A-2-23, Code of Alabama, 1975.
While I disagree with the majority's holding that complicity and reckless manslaughter are not incompatible terms, I agree with the majority's holding that any error which occurred was harmless because the appellant was a principal and not an aider or abettor.