Jasen, J.
These two appeals present the common question of when a Trial Judge must submit lesser degrees or included crimes to a jury.
We have repeatedly written that if, “ upon any view of the facts, a defendant could properly be found guilty of a lesser *530 degree or an included crime, the trial judge must submit such lower offense.” (People v. Mussenden, 308 N. Y. 558, 561-562; cf. Code Crim. Pro. §§ 444, 445.) A classic statement of the standard to warrant a refusal to submit lesser degrees or included crimes is that “every possible hypothesis” but the higher crime be excluded. (People v. Moran, 246 N. Y. 100, 103 [Cardozo, Ch. J.].) Of course, there must be some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one. The jury may accept portions of the defense and prosecution evidence or either of them. (People v. Valle, 15 N Y 2d 682.) That an acquittal may have been the only permissible verdict had the jury credited the testimony of the accused is of no consequence. (People v. Valle, supra.)
Applying these principles to the two cases involved, it is clear that each must be reversed.
In People v. Asan, defendant appeals from his conviction in 1964 for manslaughter in the first degree and a sentence of from 7% to 15 years’ imprisonment. The Appellate Division unanimously affirmed the conviction.
Defendant Asan was tried on an indictment charging him with murder in the first degree (former Penal Law, § 1044) for the fatal stabbing of one Neziri Osmani with whom defendant’s wife and daughter had been living. The trial court refused to submit the included crime of second degree manslaughter (former Penal Law, § 1052) to the jury.
Defendant relied upon a defense of justified self-defense at the trial. He testified that the victim attacked him with a folding hunting knife following an argument and was fatally stabbed during the ensuing struggle. The prosecution evidence indicates that defendant calmly approached the victim and stabbed him six times to avenge the victim’s interference in defendant’s marital affairs.
In a closely analogous case, this court held that, where a knife was used by a defendant after a fight, section 1052 (subd. 3) of the former Penal Law required submission of second degree manslaughter to the jury. (People v. Drislane, 8 N Y 2d 67, 70.) In the instant case, a jury may well have concluded that defendant Asan was culpably negligent in his use of the knife (man *531 slaughter second degree, former Penal Law, § 1052, subd. 3; cf. People v. Drislane, supra). Manslaughter in the second degree, therefore, should have been charged.
Furthermore, the trial court’s charge that a “homicide is justifiable when committed in actual resistance of an attempt to commit a felony upon the slayer in his presence ’ ’ inadequately informed the jury of defendant’s right to stand his ground and resist á felonious assault. The court also instructed in pertinent part that “ [o]rdinarily a person attacked has no right to kill if there is a chance to retreat and flee from the threatened danger. It is a person’s duty to avoid an attack if it is in bis power to do so and the right of attack for the purpose of self-defense does not arise until he has done everything in his power to avoid its necessity.” When read together, these instructions erroneously create the impression that a person feloniously attacked must retreat if this is possible.
Here, the defense theory was that a felony was in the process of being committed. To avoid the felonious aggression against his person, if it occurred, Asan was justified under the second subdivision 2 of section 1055 of the former Penal Law in standing his ground and, if necessary, in using deadly force to repel the person making the felonious attack. (People v. Ligouri, 284 N. Y. 309.) As Mr. Justice Holmes observed in Brown v. United States (256 U. S. 335, 343): “ Detached reflection cannot be demanded in the presence of an uplifted knife.”
In People v. Freeman, defendant appeals from his conviction in 1966 for robbery in the first degree (former Penal Law, § 2124) and unlawful possession of a dangerous weapon as a misdemeanor (former Penal Law, § 1897). He was sentenced to from 10 to 30 years’ imprisonment. The Appellate Division unanimously aErmed the conviction.
Defendant Freeman likewise contends that the Trial Judge erroneously refused to charge lesser degrees or included crimes. Defendant had been charged with robbery in the first degree (former Penal Law, § 2124), grand larceny in the first degree (former Penal Law, § 1294), assault in the second degree (former Penal Law, § 242) and unlawful possession of a dangerous weapon as a misdemeanor (former Penal Law, § 1897). The *532 court refused defendant’s request to charge the jury with respect to the lesser included offenses of second and third degree robbery (former Penal Law, §§ 2126, 2128), third degree assault (former Penal Law, § 244), and petit larceny (former Penal Law, § 1298) and submitted only the robbery in the first degree and weapons charges to the jury.
We conclude that this refusal to submit lesser included offenses to the jury was error. The prosecution evidence indicates that the complainant, a pastry deliveryman, was robbed at knife point of two $1 bills as he was preparing a pastry order in his truck. Defendant allegedly made a slashing movement at complainant with a knife before fleeing with the money. On the other hand, defendant testified to a history of unnatural sexual relations with complainant and claimed that the latter gave him $2 as part payment for an act of oral sodomy which defendant was to perform on him. Defendant denied ownership or use of a knife.
The Trial Judge refused to submit lesser included offenses to the jury apparently on the theory that defendant was guilty of no crime, rather than any lesser crime, if he testified truthfully. The court, in effect, held that the defense evidence must be either accepted or rejected in its entirety. This was error since a jury may properly find a lesser included offense from any portion of the defense and prosecution evidence, or from any part of the total proof. (People v. Valle, supra.)
Applying the Valle standard to the instant record, the jury might well have believed that defendant robbed complainant, but without a dangerous weapon. (Robbery second or third degree, former Penal Law, §§ 2126, 2128.) The jury could also find that defendant assaulted complainant without a weapon and with no intention to rob him. (Assault in the third degree, former Penal Law, § 244.) This is based on a hypothesis that defendant was given the money in payment for an act of oral sodomy, and struck at complainant without a weapon after he was ordered from the delivery truck. The Trial Judge properly refused to charge petit larceny (former Penal Law, § 1298) because upon no version of the facts could defendant be guilty of this crime and not guilty of a greater crime. Defendant either took the money by force, or complainant voluntarily paid him the money for an act of oral sodomy. Accordingly, the court *533 erred in refusing to charge robbery in the second and third degrees and assault in the third degree.
The judgment should be reversed in each case, and new trials ordered.
Chief Judge Fuld and Judges Burke, Scilbppi, Bergan, Keating and Breitel concur.
In each case: Judgment reversed and a new trial ordered.