Jasen, J. (concurring).
I agree with the conclusion reached by the court that the order of the Appellate Division should be reversed, but I do so for a reason other than that stated by the majority. I believe that the Trial Justice erred in refusing to submit the crime of petit larceny to the jury for its consideration. However, in my view, this error was harmless since the jury, as evidenced by the other portions of its verdict, clearly rejected the defendant’s stated version of the event at issue.
There is no dispute that in the early morning hours of March 26, 1971, in the vicinity of 128th Street and Eighth Avenue in Manhattan, the defendant stole a sum of money from Preston Partin. At the time of the trial, the defendant and Partin were the only two living witnesses to the alterca *371 tion.[1] Partin testified that he had driven to a drugstore to buy some aspirin for his wife. After he parked his car, two men, armed with sticks and knives, accosted him on the street and marched him up to the roof of a nearby building. On the roof, the two men repeatedly beat him on the head and relieved him of $89 in cash and a $25 wrist watch. The defendant, a 53-year-old drug addict, gave a strikingly different version of the events of that morning. He testified that he was standing with a group of several other men in front of a fire can when Preston Partin drove up in his car. Partin asked if anyone had a television set for sale. The defendant, perceiving an opportunity to make some money to support his drug habit, replied, falsely, that he could produce a set. He told Partin that he needed $25 to redeem a set he had recently pawned to a friend in a nearby building. Partin agreed to supply the money and, in an attempt to dissuade the defendant from running out, told the defendant that he was a policeman. The defendant was apparently unimpressed and attempted to run away. He climbed to the roof of an adjacent building and hid behind the chimney. When Partin and another man walked to the opposite side of the roof, he left his hiding place and ran back down the stairs.
Based on Preston Partin’s complaint, the defendant was indicted for the crimes of robbery in the first degree, grand larceny in the third degree, possession of a weapon, robbery in the second degree and assault in the second degree. The issue on this appeal arises out of the court’s charge with respect to grand larceny. This instruction left something to be desired in the way of clarity and precision. In effect, the jury was instructed that, if they believed the whole of Partin’s testimony, they should convict the defendant of grand larceny in the third degree. If they disbelieved so much of the testimony as indicated that the money had been taken from Partin’s person, they should convict the defendant of petit larceny. On the other hand, if they accepted the defendant’s version, they were to acquit the defendant entirely. The jury was advised that they could not use the defendant’s own testimony to convict him for petit larceny.[2]
*372 Later in its charge, the court instructed the jury as to the elements of the crime of petit larceny. However, given the earlier instruction that the jury had to acquit if it believed the defendant’s version of the events, it is readily apparent that the petit larceny instruction was relevant only in the event that the jury believed some, but not all, of Partin’s testimony, while discrediting the entirety of the defendant’s version.
At the conclusion of the charge, counsel for the defendant objected to the court’s failure "to charge petit larceny by false promise.” The court responded that such crime was not "a legal issue in this case” and was not a lesser included offense. The court stated that it did not "think the grand jury considered separately and distinctly the crime which allegedly took place; according to the testimony of the defendant.”
The indictment charged that the defendant committed grand larceny in the third degree in that he stole "from the person of Preston Partin certain property having an aggregate value not in excess of $250.00, to wit, U. S. Currency and personal property”. The indictment comports with section 155.30 of the Penal Law which provides that grand larceny is committed when a person steals property and the "property, regardless of its nature and value, is taken from the person of another”. (Penal Law, § 155.30, subd 5.) Petit larceny, on the other hand, is committed whenever a person steals property. (Penal Law, § 155.25.) Thus, grand larceny in the third degree *373 and petit larceny have the common element of theft, the difference being that to sustain a conviction for the higher crime, an aggravating element, here a taking from the person, must be established.
It is clear that petit larceny is always a lesser included offense of grand larceny, third degree, since it is impossible to commit grand larceny, third degree, "without concomitantly committing, by the same conduct,” petit larceny. (CPL 1.20, subd 37.) Grand larceny is a stealing coupled with an additional aggravating element, while petit larceny is a simple stealing, regardless of how committed. When a defendant steals property from a person, thereby committing grand larceny, third degree, by the same act, he has stolen property, thereby committing petit larceny. No factual pattern can be envisaged wherein the defendant steals property from the person without also stealing property.
A lesser included offense must be submitted for the jury’s consideration, if a party so requests and "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater.” (CPL 300.50, subds 1, 2.) In order for the court to refuse to submit a lesser included offense, the evidence must exclude "every possible hypothesis” but that of the greater crime. (People v Moran, 246 NY 100, 103.) The court, in viewing the evidence, may not simply rely upon the proof produced by the People, for the jury is free to accept or reject all or part of it. The same, of course, is true of evidence brought forward by the defense. (People v Asan, 22 NY2d 526, 530.) As Judge Fuld stated in a classic case, "it does not matter how strongly the evidence points to guilt of the crime charged in the indictment, or how unreasonable it would be, as a court may apprise the weight of the evidence, to acquit of that crime and convict of the less serious.” (People v Mussenden, 308 NY 558, 562.) The jury has the power to find facts or to decline to find them, regardless of how the court might view the state of evidence. Once having found a fact, however, the jury must render the verdict that its finding requires. (People v Mussenden, supra, at p 563.)
In my view, the defendant was entitled to have the court instruct the jury that petit larceny was, as it always must be, a lesser included offense of grand larceny, third degree. In this case, the jury had before it two distinctly different versions of the same incident, one submitted by the complainant and one *374 submitted by the defendant. The jury was to resolve the issue of credibility. The jury, in determining the issue, might have concluded either from the defendant’s testimony or from portions of the complainant’s testimony, that the defendant stole property belonging to the complainant but did not take that property from the person of the complainant. This finding would result in a verdict that the defendant committed petit larceny. Yet, the trial court had taken from the jury the power to convict for this crime, if they believed the defendant’s testimony. This, in my view, was error. For there was a reasonable view of the evidence which would support a finding that the defendant committed petit larceny, but not grand larceny, third degree. It is no answer that the jury might have acquitted the defendant if it believed his version. (People v Asan, 22 NY2d 526, 530, supra; People v Valle, 21 AD2d 765 [Rabin, J., dissenting], revd on dissenting opn 15 NY2d 682.)
This case is very similar to People v Freeman, the companion case to People v Asan (22 NY2d 526, supra). In Freeman, the evidence produced by the prosecution indicated that the defendant robbed the complainant, a pastry deliveryman, at knife point. On the other hand, the defendant contended that the deliveryman had given him the money in partial payment for an act of oral sodomy. The court refused to submit lesser included offenses on the ground that if the defendant was believed, he had committed no crime. Our court rejected this reasoning, stating that "a jury may properly find a lesser included offense from any portion of the defense and prosecution evidence, or from any part of the total proof.” (22 NY2d, at p 532.)
I also submit that the lesser included offense of petit larceny is within the scope of the indictment. The indictment, as previously noted, charged the defendant with stealing property, by stealing that property from the person of the complainant. If the jury concluded from the evidence in the case that the defendant had stolen property, but the property had not been taken from the person of the victim, the allegation that the defendant had stolen property would still be sustained. The rule is "that where, by rejecting the unproved allegations, there would yet remain enough in the indictment to describe an inferior degree of the offense, a conviction for such lower degree may properly be had.” (Dedieu v People, 22 NY 178, 186.) Moreover, by statute, proof that the defendant engaged in any larcenous conduct is sufficient to support any *375 indictment charging larceny, with the sole exception of larceny by extortion. (Penal Law, § 155.45, subd 2.) It does not matter that the acts described by the complainant would technically constitute a stealing from the person and that the acts depicted by the defendant would technically constitute larceny by false pretense. There is no such crime as larceny by pretense or larceny by taking from the person. The crime is larceny, petit or grand.
Inclusion of the phrase "stole from the person” in the indictment does not debar a conviction for petit larceny based on the same conduct. The phrase is included to satisfy a statutory requirement that "[w]here it is an element of the crime charged that property was taken from the person or obtained by extortion, an indictment for larceny must so specify.” (Penal Law, § 155.45, subd 1.) Unlike the other aggravating circumstances that raise a petit larceny to grand larceny, third degree, these two elements raise the crime without regard to the nature and value of the property stolen and, therefore, more specificity in the indictment is required. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 155.45, p 164.) However, with the exception of larceny by extortion, the fact that the indictment alleges a taking from the person does not change the rule "that a charge of larceny is supported by proof of larceny in any form even though such form or theory may differ from the one which initially underlay the charge” (p 164).
The majority contends that section 155.45 cannot be read "to permit a conviction of one crime as a lesser included offense of another where the operative facts and even the physical location of the respective crimes, as testified to, differ materially” (p 370). I would agree that proof that a defendant committed a larceny on one day cannot be used to support an accusation that a defendant committed an entirely differnt larceny arising out of a distinctly different set of facts on another day. However, that is not this case. What we have here are two separate versions of an incident that both witnesses to it conceded happened in the early morning of March 26, 1971, in the vicinity of 128th Street and Eighth Avenue in Manhattan. The majority’s decision reimports to our law of larceny the technicalities that section 155.45 and its predecessor were designed to remedy. There can be no other way of describing a holding that a person accused of *376 taking property from a person cannot be convicted of the lesser included offense of taking property.
Although I believe that the defendant was entitled to a charge on petit larceny with respect to all the evidence in the case and not just the People’s evidence, the absence of that charge did not materially affect the jury’s verdict. The jury also convicted the defendant of robbery in the first degree and possession of a dangerous weapon. By its verdict, therefore, the jury indicated that it did not credit the defendant’s version of the events of March 26, 1971. Since inclusion of the petit larceny charge, in all probability, would not have affected the verdict rendered by the jury, the error which I believe the trial court to have committed was harmless. (People v Crimmins, 36 NY2d 230, 242.) Therefore, I concur in the result reached by the majority.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Cooke; Judge Jasen concurs in result in a separate opinion.
Order reversed, the second count of the indictment dismissed and the case in all other respects remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.

. A man by the name of Frank Lewis was arrested and indicted for being the companion described by Partin. Lewis died prior to trial.

. The relevant portion of the court’s charge is hereinafter set forth.
"The second count of the indictment charges the defendant with a larceny from the person of Preston Partin, grand larceny in the third degree.
"The essence of grand larceny in the third degree is the taking from the person of *372 Preston Partin. That is grand larceny in the third degree. If you are not convinced that the defendant committed the crime of petit larceny, then you should consider the higher degree first, charging the defendant namely with grand larceny in the third degree.
"I repeat, grand larceny is charged in the indictment; and that is being submitted to you. That is not larceny by false promise, which the defendant claims he committed.
"That crime, if you were to believe the defendant’s testimony, is not before you. It is not a lesser-included offense within the definition of the Criminal Procedure Law.
"The Court is not submitting that crime to you. It is not being charged in the indictment. It cannot, therefore, be considered by you.
"What is before you is the crime of larceny which has been testified to by the complainant. If you believe his testimony, and are satisfied beyond a reasonable doubt that there was a larceny from the person of Preston Partin, then this jury may convict the defendant of the crime of grand larceny in the third degree.
"As a jury you should then not convict him of a lesser-included charge of petit larceny. If you are convinced beyond a reasonable doubt that there was a taking from the person.
“It is very simple. If you were to accept the defendant’s version of the event and then acquit him of the crime, the lesser-included crime of petit larceny. You are required to consider the evidence in the crimes he submitted to you.”