Memorandum. The order of the Appellate Division should be reversed and a new trial ordered.
The defendant was entitled to the charge of manslaughter in the second degree (Penal Law, § 125.15) as a lesser included offense. In People v Asan (22 NY2d 526, 532), we held that there is entitlement to a charge for a lesser included offense if upon any view of the facts, the defendant could properly be found guilty of the lesser crime and further, that "a jury may properly find a lesser included offense from any portion of the defense and prosecution evidence, or from any part of the total proof’ (see, also, People v Mussenden, 308 NY 558, 561-562). Under the circumstances of this case, the jury could reasonably have believed defendant’s claim that he was not the initial aggressor but only attempted to repel the victim’s attack upon him, and at the same time accept the evidence that defendant, at some point during the struggle with the victim, inflicted fatal wounds on her. Thus, the jury might have found that defendant acted recklessly and therefore committed acts constituting manslaughter in the second degree (Penal Law, § 125.15), but did not act with the intent to cause serious physical injury as required by manslaughter in the first degree (Penal Law, § 125.20; People v Asan, supra; see, also, People v Stanfield, 36 NY2d 467, 471-472). We need not pass on the other contentions advanced by appellant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.