■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ROSA, Also Known as SHORTY, Appellant.—Judgment, Supreme Court, New York County, rendered on March 7, 1975, convicting defendant, after trial, of the crime of manslaughter in the first degree, affirmed. An argument

ensued between the deceased and one Rodriguez. The latter punched the deceased, knocking him to the ground. As deceased was struggling to his feet Rodriguez grabbed him by the coat and stabbed him in the abdomen with a bayonet. The deceased, despite his wound, traded punches with Rodriguez. At this time the defendant, with an open knife in his hand, placed himself behind the deceased. At this point bystanders tried to stop the fight but Rodriguez warned them against interfering. The deceased tried to escape from the scene but Rodriguez went after him and caught him. The defendant joined Rodriguez and placed himself behind the deceased. Rodriguez stabbed the deceased in the abdomen with a bayonet a second time. Rodriguez then demanded the deceased's money. The deceased refused to give up his money and Rodriguez stabbed him with a bayonet a third time, this time on the right side of the head, over the outer portion of the eyebrow, at the same time the defendant twice stabbed the deceased in the back with his knife and on the second stabbing the knife broke off at the handle. The assistant medical examiner, who reported on the result of the autopsy performed on the body of the decedent, gave as the cause of death "multiple stab wounds of the back, head, abdomen, liver, spleen, stomach, internal hemorrhages". On this record it is clear—and there is no reasonable view of the evidence to the contrary—that the defendant and Rodriguez were acting in concert and each could properly be charged with assisting the other in this senseless killing. In fact, the defendant, on leaving the scene, boasted to some bystanders "I think I got him". Under the circumstances, the Trial Judge was eminently correct in not charging assault. The defendant and his companion, Rodriguez, were not interested simply in injuring the deceased, they were intent on murder and they succeeded. Concur—Silverman, Capozzoli, Lane and Markewich, JJ.; Murphy, J. P., dissents in the following memorandum. The defendant and Jose Rodriguez were convicted after a jury trial of manslaughter in the first degree. The defendant was sentenced to an intermediate term of from 6 to 18 years' imprisonment. In a small park in Manhattan the deceased, William Viana, was approaching people buying and selling small amounts of methadone. Rodriguez came up to one Otero (a prosecution witness) with the suggestion that they rob Viana. Otero, however, declined the offer. Viana approached Sonia Melendez (another prosecution witness) and asked whether she had any methadone to sell. She told him she did have some but it was not for sale. Viana then stated to her that someone may rob her of it. She declared no one would dare rob her since she was protected by Rodriguez. Rodriguez then approached and an argument ensued between the two men. Rodriguez punched Viana in the face. When Viana fell Rodriguez grabbed him by the collar and stabbed him in the stomach with an army bayonet. Sonia and Otero tried to break up the fight. Viana started to move away while Rodriguez was hitting him with his left hand and stabbing him with his right. At this point Rodriguez demanded money from Viana, and when Viana reached for his pocket appellant (who up to this point had been standing on the sidelines) said to Rodriguez: "He has a knife". Both Rodriguez and defendant Rosa then stabbed Viana. Appellant stabbed Viana twice in the back. Viana broke away and the crowd followed. Sonia Melendez testified that Viana had pulled a knife. The prosecution in summation also conceded that Viana had pulled a knife. Appellant's counsel before the summation submitted a written request to charge "lesser included assault". Further, after the court's charge, a specific request by defense counsel was made for a charge of assault in the first degree. The requests were denied. I believe this was error. In considering a request for a lesser charge the court

should view the evidence in a light most favorable to defendant. It should grant the request if "there is some basis in the evidence for finding the accused innocent of the higher crime and yet guilty of the lower one." *(People v Mussenden,* 308 NY 558, 563; *People v Tai,* 39 NY2d 894; CPL 300.50, subds 1, 2.) The medical examiner, Dr. Treswalla, testified that the wounds in the back could not have caused death by themselves. The appellant and his codefendant, Rodriguez, did not have to be considered similarly by the jury. The appellant did not participate in the initial stages of the altercation nor was he part of Rodriguez' plan to rob Viana. The appellant entered the fight after the verbal dispute and after Rodriguez and Viana had exchanged punches, and following Rodriguez' initial stabbing of Viana. Submission, as requested, of assault in the first degree was proper as to this defendant and failure to so charge mandates a new trial.