■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GOODWIN, Appellant.—Appeal from a judgment of the County Court of Tioga County, rendered September 29, 1976, upon a verdict convicting defendant of the crime of manslaughter in the first degree. The sole issue raised and to be determined on this appeal is whether manslaughter in the second degree should have been charged as a lesser included offense upon the trial of an indictment alleging felony murder and burglary in the second degree. The jury acquitted defendant of the accusations contained in the indictment, but found him guilty of manslaughter in the first degree which had been charged as a lesser included offense of felony murder. Defendant contends that manslaughter in the second degree should also have been submitted to the jury as he requested (CPL 300.50, subd 1). We disagree. First degree manslaughter is committed when a homicidal event results

from an intent to cause serious physical injury (Penal Law, § 125.20, subd 1), whereas second degree manslaughter is committed when death is caused recklessly (Penal Law, § 125.15, subd 1). Although the latter crime might be considered a lesser included offense of the former in an appropriate case *(People v Tai,* 39 NY2d 894), defendant is not entitled to a charge to that effect unless there is a reasonable view of the evidence that would permit a jury to find that he acted recklessly but not with an intent to seriously injure *(People v Tai, supra;* CPL 300.50, subd 1). The circumstances of this case may not be so viewed. The deceased was struck on the head four times with a claw hammer wielded by the defendant. The record discloses that defendant had planned to secure drugs believed to be located in the victim's apartment; drove some 17 miles with others to arrive at the scene; and, after obtaining the hammer and a chisel to remove the apartment door, was busily engaged in accomplishing the scheme when he was interrupted by the unexpected arrival of the unarmed victim. The fatal blows were delivered in the ensuing struggle. Defendant asserted he was so intoxicated from a combination of heroin and cocaine he had ingested some four hours previously that he was unable to form the requisite intent to seriously injure. This claim was not supported by the proof taken as a whole, but, more importantly, even if a jury could properly accept the absence of such an intent from defendant's intoxication, there was no reasonable view of the evidence that would permit it to find this same intoxication had not also removed his ability to consciously disregard a substantial risk of death (see Penal Law, § 15.05, subd 3). Stated differently, there was no way the jury could reasonably conclude that defendant committed the lesser offense by acting in a reckless fashion and yet had not committed the greater crime, since the very defensive matters proffered to negate the intent required for first degree manslaughter would necessarily eliminate the possibility of a disregarded risk essential to second degree manslaughter. Accordingly, the trial court correctly refused to charge second degree manslaughter as a lesser included offense under the circumstances presented *(People v Shuman,* 37 NY2d 302; *People v Mussenden,* 308 NY 558). Judgment affirmed. Greenblott, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.