■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERFECTO CRUZ, Appellant.—Judgment, Supreme Court, Bronx County (Dennis Edwards, Jr., J.) rendered August 16, 1983, after a jury trial, which convicted defendant of manslaughter in the first degree and sentenced him as an armed violent felony offender to an indeterminate term of imprisonment of 10 to 20 years, reversed, on the law, the sentence vacated and the indictment dismissed and the matter remanded to Trial Term for the purpose of issuing a securing order pursuant to CPL 210.45 (9) and defendant committed to the custody of the Department of Correction pending the issuance of such order with leave to the District Attorney to re-present the charges of manslaughter in the first and second degrees to another Grand Jury.

The defendant was indicted, charged with murder in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, in that on July 17, 1982, he intentionally caused the death of one Victor Ortega by shooting him with a loaded pistol. The defendant testified, as the sole witness on his own behalf, that the victim assaulted him with a gun and that the gun "went off" while they struggled for it. The trial court refused defendant's request to instruct the jury on the lesser included offense of manslaughter in the second degree. The jury was unable to reach a verdict on the murder charge and found the defendant guilty of manslaughter in the first degree. Defendant is presently incarcerated, serving a sentence of 10 to 20 years' imprisonment.

Viewing the evidence in the light most favorable to defendant, as we must in determining whether, under a reasonable

view of the evidence, the jury could find that defendant committed the lesser offense but not the greater *(People v Martin,* 59 NY2d 704 [1983]), we conclude that defendant was entitled to have the jury charged on manslaughter in the second degree (Penal Law § 125.15) as a lesser included offense. Defendant's testimony, if believed by the jury, would have supported a conviction for manslaughter in the second degree. As the Court of Appeals stated in a similar case, *People v Tai* (39 NY2d 894, 895 [1976]): "[T]he jury could reasonably have believed defendant's claim that he was not the initial aggressor but only attempted to repel the victim's attack upon him, and at the same time accept the evidence that defendant, at some point during the struggle with the victim, inflicted fatal wounds on her. Thus, the jury might have found that defendant acted recklessly and therefore committed acts constituting manslaughter in the second degree (Penal Law, § 125.15), but did not act with the intent to cause serious physical injury as required by manslaughter in the first degree (Penal Law, § 125.20; *People v Asan* [22 NY2d 526, 532]; see, also, *People v Stanfield,* 36 NY2d 467, 471-472)."

Nothing remains to support further prosecution under the pending indictment since the murder count was dismissed at the end of the trial, based upon the jury's verdict, convicting the defendant of manslaughter in the first degree. The District Attorney must seek a new indictment to retry the defendant for manslaughter in the first and second degrees. *(People v Mayo,* 48 NY2d 245, 253 [1979].) In light of the foregoing, it is unnecessary to reach defendant's remaining contentions. Concur—Murphy, P. J., Carro, Asch, Milonas and Rosenberger, JJ.