■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD C. DAVIS, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 18, 1986, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Charged with murder in the second degree for the stabbing death of his cousin, defendant stands convicted of manslaughter in the first degree. Defendant's principal challenge to the propriety of his conviction rests on County Court's refusal to comply with defendant's request to charge the jury on manslaughter in the second degree as a lesser included offense. Since it is well established that second degree manslaughter is a lesser included offense of second degree murder (People v Sullivan, 68 NY2d 495, 502; see, CPL 1.20 [37]), to be resolved is whether under any reasonable view of the evidence the jury could have found defendant guilty of second degree manslaughter but not guilty of any greater crime. If so, the request should have been granted and a new trial must be had (see, CPL 300.50 [1], [2]; People v Asan, 22 NY2d 526; see generally, People v Scarborough, 49 NY2d 364, 369).

The distinction between manslaughter in the first degree and manslaughter in the second degree is the defendant's culpable mental state; the former requires a mental state of intent (Penal Law § 125.20 [1], [2]), while the latter requires a mental state of recklessness (Penal Law § 125.15 [1]), which when aggravated to the point of evincing a depraved indifference to human life, raises recklessness to the level of gravity requisite for second degree murder (Penal Law § 125.25 [2]; see

*generally,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 125, at 490-491). Accordingly, whether a charge on manslaughter in the second degree was required hinges on what defendant's mental state was as borne out by the evidence adduced at his trial *(see, People v Hartley,* 103 AD2d 935, 936, *affd* 65 NY2d 703), and viewed in the light most favorable to defendant *(see, People v Martin,* 59 NY2d 704, 705).

The essential facts of the incident, which had its origin in a brief but escalating altercation between defendant and the victim in a park, are in large part undisputed or indisputable. The victim suffered six stab wounds: one each in the left arm, right armpit, solar plexus, left chest, navel area and heart. At the time of the stabbing, the victim was on his back with his legs either bent, kicking at defendant or tangled in defendant's legs. By all accounts, including defendant's, he was bent over the victim. Defendant's version of the stabbing was that the victim, who was the aggressor, exhibited a knife in his right hand, the wrist of which defendant grasped with his left hand; that while struggling to fend off the assault and to free himself from the victim, defendant continued pushing the knife away from himself; that defendant noticed blood on the victim's chest but never saw the knife enter the victim; that defendant implored the victim to stop; and that defendant never had his hand on any part of the knife. The People, through eyewitness testimony, sought to prove that defendant produced the knife and intentionally stabbed a fleeing victim. Also relevant is defendant's testimony that he knew of four instances when the victim had attacked individuals with a knife.

The jury could have reasonably concluded from the evidence that the victim produced the knife, that the stabbings occurred not as a result of defendant's intent to injure the victim, but in the course of repelling the victim's attack and that at some point the stab wounds were recklessly inflicted *(see, People v Tai,* 39 NY2d 894). This view of the evidence would not only constitute second degree manslaughter warranting the requested charge, but accounts for the jury's decision not to acquit though fully instructed on the defense of justification. Accordingly, it was error for County Court to refuse defendant's request to charge manslaughter in the second degree in this case.

Defendant's remaining contentions are lacking in merit.

Judgment reversed, on the law, and matter remitted to the

County Court of Rensselaer County for a new trial. Mahoney, P. J., Mikoll and Yesawich, Jr., JJ., concur.

Kane and Harvey, JJ., dissent and vote to affirm in a memorandum by Kane, J. Kane, J. (dissenting). We fail to perceive, under a reasonable view of the evidence, where County Court erred in refusing to charge manslaughter in the second degree as a lesser included offense. For a defendant to be entitled to such a charge there must be " 'some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime' " *(People v Blim,* 63 NY2d 718, 720, quoting *People v Scarborough,* 49 NY2d 364, 369-370). Here, in order to establish the lesser crime and entitle defendant to the charge he requested, there must have been proof that defendant "recklessly cause[d] the death of another person" (Penal Law § 125.15 [1]). Defendant did not offer proof to support such a theory but, on the contrary, his defense was founded on the proposition that he acted at all times in an effort to protect himself from harm and that his actions were justifiable.

Such a contention, of course, entitled him, as requested, to a charge on the defense of justification, because the *defense* of justification is always available in the prosecution of any crime involving the use of force whenever there is evidence to support it, and the particular type of conduct by defendant or a particular mens rea does not limit the application of Penal Law article 35 *(see, People v Magliato,* 68 NY2d 24, 29; *People v McManus,* 67 NY2d 541, 547; *People v Huntley,* 59 NY2d 868). However, whether to grant a request to charge a lesser included offense is addressed to the discretion of the trial court after an examination of all the evidence, including that submitted by a defendant (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61). In other words, once a defendant has charted his course and established his defense, the court must examine the evidence produced by that process and, at the close of the proof, apply the appropriate substantive provisions of the Penal Law to determine whether the charge requested is proper. The evidence presented by defendant in this case demonstrates that such a defense is wholly inconsistent with a claim of reckless conduct, because in the effort to protect himself, defendant contended that his actions were intentional. If the jury had adopted this theory of the defense, defendant would have been acquitted. Moreover, a conviction of manslaughter in the second degree under the facts of this

case would have been founded upon sheer speculation *(see, People v Wedgeworth,* 104 AD2d 915) or compromise, because a defendant cannot intentionally cause the death of another human being by a reckless act *(see, People v Zimmerman,* 46 AD2d 725).

Accordingly, and for the reasons stated, we would affirm the judgment of conviction.