(March 23, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CARMELO SUAREZ, Appellant.—Judgment, Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered April 16, 1987, after jury trial, which convicted defendant of manslaughter in the first degree and sentenced defendant to an indeterminate term of imprisonment of 8 to 24 years, unanimously reversed, on the law, the sentence vacated and the indictment dismissed and the matter remanded for the purpose of issuing a securing order pursuant to CPL 210.45 (9), and defendant committed to the custody of the Department of Correction pending issuance of such order with leave to the District Attorney to re-present the charges of manslaughter in the first and second degrees to another Grand Jury.

Defendant was indicted for murder in the second degree and criminal possession of a weapon in the fourth degree, in that on May 24, 1986, defendant stabbed to death his girlfriend Gloria Icaza.

Ms. Icaza's children testified at trial (one unsworn, due to her age) that the defendant, in the course of an argument with Icaza, grabbed a knife from a table and plunged it into her chest. The defendant, in his direct testimony, claimed that Icaza was the aggressor, and that, during a struggle for the knife, Icaza stabbed herself; defendant never had the knife in his hand. On cross-examination, defendant testified that he never touched Icaza, but that he retreated and ducked down "underneath her" when she "flung" herself at him, resulting in the fatal injury.

The court below refused defendant's request for a justification charge, as well as defendant's request to instruct the jury on the lesser included offense of manslaughter in the second degree. The jury acquitted the defendant of murder in the second degree, and found defendant quilty of the lesser offense of manslaughter in the first degree. We now reverse, finding each of these rulings to be improper.

The defense of justification must be charged, when requested, if there is any reasonable view of the evidence, viewed in the light most favorable to the defendant, which supports the defense. *(People v Steele,* 26 NY2d 526, 528-529.) It is not necessary, in support of a justification charge, for the defendant to admit inflicting the fatal wound by his own hand, if the charge is otherwise supported by the evidence. *(People v Steele, supra; People v Khan,* 68 NY2d 921; *People v Burnell,* 84 AD2d 566, *lv denied* 55 NY2d 827; *People v Ingrassia,* 118 AD2d 587; *People v Frazier,* 86 AD2d 557.) Based on defendant's own testimony, the jury may have found that Icaza was

the aggressor, and that defendant's actions in defending himself caused the fatal stabbing, but that defendant's conduct was a justifiable act of self-defense.

Similarly, the court erred in refusing to charge manslaughter in the second degree as a lesser included offense of murder in the second degree. It is beyond dispute that it is legally impossible to commit murder in the second degree without, by the same conduct, committing manslaughter in the second degree. *(People v Sullivan,* 68 NY2d 495, 502; *People v Ford,* 66 NY2d 428, 439; *People v Green,* 56 NY2d 427, 433, *rearg denied* 57 NY2d 775.) The question here is whether there was a reasonable view of the evidence, when viewed in the light most favorable to defendant, to support the charge. *(People v Martin,* 59 NY2d 704, 705.) We observe that an entitlement to a charge of reckless manslaughter has often been found where the defendant claims he was defending himself from an assault, and further claims that the fatal injury was either justified or accidental. *(People v Tai,* 39 NY2d 894; *People v Murray,* 40 NY2d 327, 335, *rearg denied* 40 NY2d 1080, *cert denied* 430 US 948; *People v Asan,* 22 NY2d 526; *People v Davis,* 142 AD2d 791; *People v Cruz,* 126 AD2d 495.)

In *People v Tai (supra,* at 895), the court held that "the jury could reasonably have believed defendant's claim that he was not the initial aggressor but only attempted to repel the victim's attack upon him, and at the same time accept the evidence that the defendant, at some point during the struggle with the victim, inflicted fatal wounds on her." As in the case now before us, the defendant there also claimed that there had been a struggle when the defendant was attacked, and that the defendant never had possession of the knife.

We are mindful that *People v Tai (supra)* must be read in light of *People v Scarborough* (49 NY2d 364, 369-370), which made clear that there must be "some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime". We find that there was a rational basis here for the jury to reject the People's proof that the defendant was the aggressor. The People's sworn witness may well have been biased against defendant, since he had killed her mother. Further, the same witness never explained how the murder weapon (a kitchen knife) found its way onto the living room table, where it was purportedly picked up by the defendant. According to this witness, the argument preceding the stabbing took place in the kitchen, and the jury might

have found it more plausible that the weapon was taken from there by Icaza, as defendant himself testified. Defendant, on the other hand, had obvious reasons for denying that he in fact stabbed the victim, but the jury could otherwise have credited his testimony that he was not the initial aggressor. Further, implicit in defendant's denial that he stabbed Icaza was a denial that he intended to cause death or serious physical injury. We find that the jury could rationally have concluded that defendant was attacked, somehow gained possession of the knife, and stabbed the victim, recklessly, but without intent. We further observe that although no intoxication defense was requested or charged, the defendant testified that he had had 8 or 9 beers prior to the stabbing incident, which the jury might have found to be inconsistent with the theory of an intentional stabbing.

Because defendant was acquitted of murder, the District Attorney must seek a new indictment to retry the defendant for manslaughter in the first and second degrees. *(People v Mayo,* 48 NY2d 245, 253; *People v Cruz, supra.)* Concur—Murphy, P. J., Sullivan, Carro and Kassal, JJ.