■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY VELASCO, Appellant.—Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered May 26, 1987, which after a jury trial, convicted defendant of manslaughter in the first degree (Penal Law § 125.20 [1]) and sentenced him to a prison term of 7 to 21 years, unanimously affirmed.

The evidence in this case established that defendant stabbed the deceased, an acquaintance, several times with a "Ninja knife" in front of witnesses. Defendant advanced a defense of justification, and called a witness who testified that the deceased provoked the fight by attacking defendant with a boxcutter, stabbing defendant in the back. The testimony of the People's witnesses established that defendant was the unprovoked aggressor, and that the deceased did not have a weapon. The autopsy evidence was consistent with the People's evidence. The People's rebuttal evidence established that at a physical examination three days after the stabbing, defendant had made no complaints of recent injuries.

Viewing the evidence in a light most favorable to the People, as we must *(People v Contes,* 60 NY2d 620), defendant's guilt was proved beyond a reasonable doubt. Nor was the verdict against the weight of the credible evidence *(People v Bleakley,* 69 NY2d 490, 495).

It was not improper for the court to submit, as a lesser included offense to the charge of murder in the second degree, the charge of manslaughter in the first degree (CPL 1.20 [37]). It was legally impossible to commit the greater without concomitantly committing the lesser offense (CPL 300.50 [1]; *People v Ford,* 66 NY2d 428, 439) and a reasonable view of the

evidence supported a conclusion that defendant intended to seriously physically injure, rather than to kill, the deceased *(see, People v Davis,* 142 AD2d 791, 792; *People v Asan,* 22 NY2d 526). The issue of intent is a question for the jury *(see, People v James,* 127 AD2d 485, 488).

Finally, we note that defendant has failed to preserve his challenge, by specific objection, to the court's refusal to read back opening and closing statements on the basis that they were not evidence. *(People v Chaitin,* 61 NY2d 683.) In any event, such a ruling is not an abuse of discretion *(People v Santana,* 121 AD2d 236; *People v Foster,* 118 AD2d 654; *People v Turner,* 110 AD2d 974). Concur—Murphy, P. J., Ross, Rosenberger, Asch and Ellerin, JJ.