■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DAVIS, Appellant. [47 NYS3d 399]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered July 30, 2014, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered on the count of criminal possession of a weapon in the second degree, and the indictment is otherwise dismissed with leave to the People to represent any appropriate charges to another grand jury (*see People v Beslanovics*, 57 NY2d 726, 727 [1982]).

The defendant was indicted on charges of murder in the second degree and criminal possession of a weapon in the second degree. During the charge conference at trial, the Supreme Court granted so much of the defendant's application as requested that the court submit to the jury the charge of manslaughter in the first degree as a lesser-included offense of murder in the second degree, but denied so much of the defendant's application as sought to have manslaughter in the second degree and criminally negligent homicide submitted as lesser-included offenses.

The defendant was acquitted of murder in the second degree, but convicted of manslaughter in the first degree and criminal possession of a weapon in the second degree.

On appeal, the defendant contends that the failure of the Supreme Court to submit manslaughter in the second degree and criminally negligent homicide as lesser-included offenses deprived him of a fair trial. We agree.

Under the facts adduced at the trial, the Supreme Court erred in failing to charge manslaughter in the second degree (*see People v Green*, 56 NY2d 427 [1982]; *People v Suarez*, 148 AD2d 367 [1989]; *People v Davis*, 142 AD2d 791 [1988]; *People v Cruz*, 126 AD2d 495 [1987]; *People v Bryant*, 74 AD3d 1221 [2010]) and criminally negligent homicide (*see People v Irizarry*, 213 AD2d 425 [1995]; *People v McInnis*, 179 AD2d 781 [1992]; *People v Brooks*, 163 AD2d 832 [1990]) when requested by the defendant. Although a witness testified that, in the course of a physical altercation, the defendant pulled a gun from his back waist area and shot the decedent, the defendant testified that the decedent brandished the gun, that the two men struggled over the weapon, and that the gun accidentally went off during the struggle. Viewed in the light most favorable to the defendant, there was a reasonable view of the evidence that the defendant may have been guilty of the lesser crimes and not the greater (*see People v Glover*, 57 NY2d 61, 63 [1982]; CPL 300.50 [1], [2]). Therefore, the failure to charge manslaughter in the second degree and criminally negligent homicide compromised the defendant's right to a fair trial.

In addition, the failure to charge manslaughter in the second degree, which is defined as "recklessly" causing the death of another person (Penal Law § 125.15 [1]), had a prejudicial effect with respect to the defendant's conviction of criminal possession of a weapon in the second degree, which is defined as possession of "any loaded firearm" (Penal Law § 265.03). The defendant's possession of the weapon is factually related to the shooting and, thus, given the underlying factual relationship

between the crimes, the defendant is entitled to a new trial on the count of criminal possession of a weapon in the second degree (*see People v Cohen*, 50 NY2d 908, 911 [1980]; *People v Brockett*, 74 AD3d 1218, 1220 [2010]).

In light of this Court's reversal and remittal for a new trial, the defendant's remaining contention, that his sentence was excessive, is academic. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.